Berlin *v.* Oglesbee *et al.*

## BERLIN *v.* OGLESBEE ET AL.

PRACTICE.—*Motion to Strike Out.—Record.—Bill of Exceptions.*—A party complaining of a ruling sustaining a motion to strike out a part of a pleading must, if he would present any question thereon to the Supreme Court, not only except thereto at the time, but also make the motion, ruling and part struck out parts of the record by a bill of exceptions.

SAME.—*Harmless Ruling on Demurrer.—Action to Recover Real Estate.*—As all matters of defence to an action to recover possession of real estate are admissible in evidence under the general denial, the sustaining of a demurrer to a special paragraph of answer is harmless, if the general denial be also pleaded.

SAME.—*New Trial.—Assignment of Error.—Change of Venue.—Instruction.* —Error in refusing a change of venue, or an instruction asked, is cause for a new trial, and can not be presented to the Supreme Court, by an independent assignment of error.

SAME.—*Bill of Exceptions.*—The truth of causes alleged as grounds for a new trial must be made to appear to the Supreme Court by a bill of exceptions.

From the Marshall Circuit Court.

*J. S. Bender* and *H. Corbin*, for appellant.

*W. B. Hess*, for appellees.

HOWK, J.—This was a suit by the appellees, against the appellant, to recover the possession of certain real estate, particularly described, in Marshall county, Indiana, with all the appurtenances thereon belonging, "including the steam saw-mill and all the fixtures and appurtenances thereto belonging," situate thereon, and damages for being kept out of the possession thereof. The complaint consisted of a single paragraph, and was in the usual statutory form in such cases. .

The appellant answered in five paragraphs, and filed a cross complaint containing two paragraphs. The appellees moved the court, in writing, to strike out a certain part of the second paragraph of the cross complaint, which motion was sustained, and to this ruling the appellant excepted. The appellees demurred to each of the fourth and fifth

paragraphs of the answer, for the want of sufficient facts therein to constitute a defence to their action; which demurrers were each sustained by the court, and the appellant excepted to these decisions. To the second and third paragraphs of the appellant's answer the appellees replied by a general denial; and they also answered, by a general denial, the first and second paragraphs of the appellant's cross complaint.

On the appellant's application, supported by affidavit, the venue of the action was changed to the Kosciusko Circuit Court, such change to be perfected within thirty days. This change of venue was not perfected by the appellant; and afterward, at the next term of the court below, the issues joined were tried by a jury, and a verdict was returned, that the appellees were the owners and entitled to the possession of the real estate described in their complaint, and had sustained damages by the detention thereof in the sum of one cent. Afterward, at the same term, the appellant, having paid all the costs in the case, was granted a new trial thereof, without cause shown, under the statute.

At the next term of the court the appellant again moved the court, upon his affidavit then filed, for a change of venue from Marshall county, which motion was overruled by the court, and to this ruling he excepted. By agreement, the cause was then tried by the court without a jury, and a finding was made for the appellees, as prayed for in their complaint, and assessing their damages in the sum of one cent. The appellant's motion for a new trial was overruled by the court, and he excepted to this decision, and judgment was then rendered by the court upon and in accordance with its finding, to which judgment the appellant excepted and appealed therefrom to this court.

The appellant has here assigned, as errors, the following decisions of the circuit court:

1.  In sustaining the appellees' motion to strike out a certain part of the second paragraph of the appellant's cross complaint;

2.  In sustaining the appellees' demurrers to the fourth and fifth paragraphs of the appellant's answer;

· 3.  In overruling the appellant's motion for a change of venue ;

4.  In requiring the appellant to try this case in Marshall county, after and over his application for a change of venue ;

5.  Error of the court in giving a certain instruction; and,

6.  Error of the court in overruling his motion for a new trial.

We will consider and decide the questions arising under these alleged errors, in the order of their assignment.

1.  The first error assigned by the appellant, the decision of the court striking out a certain part of the second paragraph of his cross complaint, was not properly saved in the record. The court having sustained the appellees' motion, and having struck out a part of the second paragraph of the cross complaint, it is very certain, we think, that the matter thus struck out could not be made again a part of the pleading, or of the record, except by a bill of exceptions. It has been settled by many decisions of this court, that, where a pleading, or part of a pleading, has been struck out on motion, the party complaining of such action, who may wish to present the question to this court, as an alleged error, must not only except at the time to the decision of the court, but he must make the pleading, or part of a pleading, so struck out, and the motion to strike out and the decision of the court thereon, parts of the record of the cause, in and by a proper bill of exceptions. *Thomas* v. *Passage,* 54 Ind. 106 ; *Broker* v. *Scobey,* 56 Ind. 588 ; *Scotten* v. *Divilbiss,* 60 Ind. 37 ; and *The School*

*Town of Princeton* v. *Gebhart*, 61 Ind. 187. In this case, therefore, the first alleged error was not so saved in the record as to present any question for our decision.

2. The appellant has assigned, as error, the decisions of the circuit court in sustaining the appellees' demurrers to the fourth and fifth paragraphs of his answer. In each of these paragraphs, the appellant stated special or affirmative matters, by way of defence to appellees' action. The first paragraph of the appellant's answer contained a denial of each and every material allegation in the complaint. Under such a denial, it is provided, in section 596 of the practice act, that " the defendant shall be permitted to give in evidence every defence to the action that he may have, either legal or equitable." 2 R. S. 1876, p. 252.

If it were conceded, that the court below erred in this case, in sustaining the appellees' demurrers to the fourth and fifth paragraphs of the appellant's answer, the error would have been harmless; for it is clear, that all the evidence, admissible under either of the said paragraphs, would have been, under and by force of the statutory provision above quoted, also admissible under the general denial in the first paragraph of the answer. *Strough* v. *Gear*, 48 Ind. 100; *Baker* v. *The Arctic Ditchers*, 54 Ind. 310; *Spath* v. *Hankins*, 55 Ind. 155. This court will not reverse a judgment for a harmless error.

3. The third and fourth errors assigned by the appellant relate to the same matter, and may be properly considered together. The overruling of a motion for a change of venue, if erroneous, is a cause for a new trial, under the first statutory cause for a new trial; for it is an irregularity in the proceedings of the court, by which a party is prevented from having a fair trial. 2 R. S. 1876, p. 179, sec. 352; *Horton* v. *Wilson*, 25 Ind. 316; *Dawson* v. *Coffman*, 28 Ind. 220; and *Wiley* v. *Barclay*, 58 Ind. 577.

As independent errors, therefore, the third and fourth

alleged errors were not well assigned; for, a cause for a new trial, merely, can not be assigned as error in this court. *Freeze* v. *DePuy*, 57 Ind. 188, and *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56, and Buskirk Practice, p. 126, and cases cited.

5. The fifth error assigned by the appellant was the refusal of the circuit court to give a certain instruction, as requested by him. This alleged error, also, was merely a cause for a new trial; and, when assigned in this court as an independent error, it presents no question for our decision. We need not cite any additional authorities in support of this ruling, beyond those referred to in our consideration of the third and fourth alleged errors.

6. The sixth and last error assigned in this court is the overruling of the appellant's motion for a new trial. Neither the evidence nor any ruling or decision of the court, on or before the trial of the cause, was made part of the record by any proper bill of exceptions. The causes for a new trial, assigned in the motion therefor, were therefore the naked statements of the appellant of certain alleged facts, the truth whereof ought to have been, but was not, established and supported by the record. In such case, where the record fails to show that the alleged causes for a new trial, or any of them, are true, we are bound to conclude, that the court did not err in overruling the appellant's motion for such new trial. For the decisions and rulings of the circuit court must and will be presumed to be right, until the contrary is shown by the record. *Myers* v. *Murphy*, 60 Ind. 282.

If the court erred in any manner, on the trial of this cause, to the prejudice of the appellant, the error has not been properly saved, and can not be made available in this court, for the reversal of the judgment.

The judgment is affirmed, at the appellant's costs.