## CITIZENS STREET RAILROAD COMPANY *v.* SHEPHERD.

[No. 3,245. Filed December 20, 1901. Transfer denied June 24, 1902.]

NEGLIGENCE.—*Complaint.*—*Street Railroads.*—A complaint in an action against a street railway company for damages for personal injuries sustained alleged that as plaintiff alighted from a street car the conductor stepped upon her skirt and as the car moved away plaintiff was thrown to the ground and injured. *Held,* that the complaint states a cause of action. *pp. 412, 413.*

COSTS.—*Dismissal of Action.*—*Refiling Without Paying Costs of Former Action.*—*Plea in Abatement.*—Plaintiff dismissed her suit upon leave of court, and upon the following day filed it in another court without paying the costs on dismissal. The defendant filed a plea in abatement on the ground that the second action was wrongful and oppressive. Plaintiff filed an affidavit tending to show that the second action was not vexatious. *Held,* that the failure of the court to sustain the plea in abatement is not reversible error, since the presumption of vexation is overcome by the slightest countervailing evidence. *pp. 413, 414.*

APPEAL AND ERROR.—*Change of Venue.*—*Must be Assigned as Reason for New Trial.*—The action of the court in granting a change of venue is not presented for decision on appeal where such ruling is not assigned as a reason for a new trial. Henley and Wiley, JJ., dissenting. *pp. 414-424.*

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Action by Lillie M. Shepherd against the Citizens Street Railroad Company for damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter, S. N. Chambers, S. O. Pickens, C. W. Moores, C. W. Smith, J. S. Duncan, H. H. Hornbrook, A. Smith, W. H. Latta, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellant.

*W. A. Ketcham, I. W. Christian, W. S. Christian, E. E. Cloe, L. C. Walker* and *W. J. Beckett,* for appellee.

HENLEY, J.—This is an action commenced in the Marion Superior Court for damages growing out of an in-

jury received by appellee, and caused by the alleged negligent acts of appellant. The alleged negligent acts of appellant, as described in appellee's complaint, were as follows: Appellee was a passenger on one of appellant's cars. It was a dark night and raining. She was accompanied by three small children, one of whom she held in her arms. When she arrived at the point where she desired to leave the car, she helped her children out, and the conductor helped her alight. Upon inquiry by her he instructed her as to the direction to go, and stepped back upon the car step. In some manner appellee's skirt had not been removed from the car step, and was stepped on by the conductor. The car moved away with the conductor standing with one foot on her dress skirt, and pulled appellee to the ground, inflicting the alleged injuries for which she brings this action.

The sufficiency of the complaint is discussed by appellant's counsel under a proper assignment of error. The complaint is not subject to the objections contended for by counsel. The facts stated are sufficient, and are well pleaded. There was no error in overruling the demurrer to the complaint.

There were seven other specifications of the assignment of errors, which assail the action of the lower court in overruling appellant's plea in abatement, in granting to appellee, upon her motion, a change of venue to Hamilton county, in sustaining appellee's demurrer to appellant's plea to the jurisdiction of the Hamilton Circuit Court, in overruling appellant's motion to remand the cause to the Marion Superior Court, and in overruling appellant's motion for a new trial. We will dispose of the questions presented in the above order.

The plea in abatement is based upon the following facts therein set out: Appellee, on the 23d day of November, 1897, filed in the circuit court of Marion county her complaint on account of the same identical cause of action set

forth in her complaint in this cause, seeking the same relief, and for the same alleged injuries, occurring in the same manner, and to the same extent. Afterwards, on the 13th day of February, 1899, the cause having been put at issue, and having been called for trial, and while the jury was being impaneled, appellee dismissed her cause, and upon leave of court withdrew her complaint, and on the following day refiled her complaint in this cause in the Marion Superior Court. That the circuit court rendered a judgment against the appellee for $14.20 costs, which remains unpaid, and appellee is prosecuting this cause without first paying said judgment for costs, and that said action in so doing is wrongful and oppressive. Appellee filed her affidavit stating facts tending to show that the second action was not vexatious. In a case like this one it is within the sound discretion of the court to stay, or refuse to stay, the proceedings upon the facts presented, and the presumption of vexation is overcome by the slightest countervailing evidence. *Sellers* v. *Myers,* 7 Ind. App. 148; *Kitts* v. *Willson,* 89 Ind. 95; *Eigenman* v. *Eastin,* 17 Ind. App. 580; *Cashman* v. *Brownlee,* 128 Ind. 266; *Harless* v. *Petty,* 98 Ind. 53. The proper practice, we think, in cases of this kind, is to move to stay the proceedings until the costs of the former action have been paid. If the facts presented by the defendant justify it, the court will make an order directing the plaintiff to pay the costs within a time named. If the order is not complied with, the action should be dismissed. The record in this case does not show that the trial court abused its discretion in the matter.

Over appellant's objection, appellee was granted a change of venue from Marion county. The cause was sent to Hamilton county, where appellant made a special appearance, and filed a plea in two paragraphs to the jurisdiction of the court. A demurrer for want of facts was sustained to each paragraph. Appellant then filed a motion to remand the cause to the Marion Superior Court. The motion

to remand states fully the facts relied upon. Omitting the caption, the motion to remand was in the following words: "The defendant, the Citizens Street Railroad Company, moves the Hamilton Circuit Court to remand and transfer this cause to the Marion Superior Court, of Marion county, Indiana, for and on account of the facts and circumstances hereinafter set forth and herein shown to the court, to wit: That heretofore, on the 23d day of November, 1897, the plaintiff in this cause, Lillie M. Shepherd, filed her certain complaint against this defendant, the Citizens Street Railroad Company, in the Marion Circuit Court, State of Indiana, alleging the same identical cause of action set forth in her complaint in this cause, averring the same identical facts of negligence on the part of the defendant as are averred in this cause, and praying relief of the same character and amount as prayed for in her complaint in this cause; that thereafter such proceedings were had in the said Marion Circuit Court as that the said cause was put at issue by the defendant herein, being the same corporation as the defendant herein, and that thereafter, on the 2d day of July, 1898, the same being the twenty-fourth judicial day of the June term of the Marion Circuit Court, the said plaintiff Lillie M. Shepherd came into said Marion Circuit Court and filed her affidavit and motion for a change of venue from said Marion county, Indiana; that the said motion was considered by the court, and sustained, upon said 2d day of July, 1898, and it was ordered by said Marion Circuit Court that the venue of the said cause be changed to Morgan county, Indiana, and that the said plaintiff Lillie M. Shepherd perfect said change and pay the costs thereof within ten days thereafter; that the said plaintiff Lillie M. Shepherd did not perfect said change or pay the costs thereof either within the said ten days from the 2d day of July, 1898, or any other or different time, but allowed the said cause to remain, and the same did remain, pending

in the said Marion Circuit Court until the 13th day of February, 1899, at which time and upon which day the said plaintiff Lillie M. Shepherd appeared in the said Marion Circuit Court and dismissed her said cause of action, with leave to withdraw the complaint therein; that the next day, to wit, February 14, 1889, the said plaintiff Lillie M. Shepherd filed her said complaint in the Marion Superior Court, of Marion county, Indiana, being a court of concurrent and equal jurisdiction, in so far as the matters and things set forth in said complaint are concerned, against this defendant, the Citizens Street Railroad Company; and defendant says that it believes, and has reason to believe, from the fact that in said complaint so filed in the Marion Superior Court the caption of said cause is described as being in the Marion Circuit Court, and for other reasons of similarity, that the said complaint so filed in the Marion Superior Court is the same identical complaint heretofore filed in the Marion Circuit Court, except that the cover thereof has been changed.

"The defendant says that the said complaint alleges the same facts identically, charges the same identical acts of negligence as were charged in the said complaint in the Marion Circuit Court, and prays the same relief, and is in all things similar, identical, and the same as the said complaint in the said Marion Circuit Court, and that the cause of action alleged to exist in favor of the plaintiff in the said Marion Circuit Court and in the said Marion Superior Court was and is in all things identical and the same. That upon the said complaint in the said Marion Superior Court summons was, upon the order of the said plaintiff, indorsed upon said complaint, made returnable on the 25th day of February, 1899; that thereafter, on the 24th day of February, 1899, and before summons was returnable in said cause, the said plaintiff Lillie M. Shepherd filed her certain affidavit and motion in said Marion Superior Court for a change of venue of said cause from Marion

county to some other or adjoining county; that on the 7th day of March, 1899, this defendant filed in said Marion Superior Court its answer in opposition to said motion for said change of venue, setting up the facts hereinbefore set forth, and objected to said motion being sustained, and to any order by said Marion Superior Court granting a change of venue to the plaintiff in said cause; that thereafter, on the 23d day of March, 1899, said motion being heard, the same was by the said Marion Superior Court sustained, over the objection and exception of the said defendant, to which ruling the defendant at the time excepted, and immediately thereupon prepared and filed in said cause its bill of exceptions thereon; that thereupon, the said motion having been sustained by the court, the said plaintiff attempted to perfect such change of venue by paying the costs thereof, and by having a transcript of the proceedings in said cause, together with the original papers therein, forwarded and sent to the clerk of the Hamilton Circuit Court, and by having and procuring the same to be filed in said Hamilton Circuit Court as cause 11,896 therein; that this defendant has never at any time consented or acquiesced in said change of venue from the Marion Superior Court to the Hamilton Circuit Court, but has at all times objected to and resisted the same; nor has it at any time consented or acquiesced in the jurisdiction of the said Hamilton Circuit Court in said cause; that said plaintiff failed and declined to perfect said change of venue to the Morgan Circuit Court for the reason that the plaintiff was not satisfied with that tribunal for the trial of said cause, and that afterwards the plaintiff dismissed said action in the Marion Circuit Court for the reason that the plaintiff was of the opinion that she could not secure a fair trial in said county at said time, and with the intent and purpose of filing said complaint in the Marion Superior Court, and of then changing the venue in said cause from Marion coun-

ty; and that thereupon said plaintiff, afterwards, on the next day filed said complaint in the Marion Superior Court, and that afterwards, on the 24th day of February, 1899, and before the day fixed for the return of the summons therein, the plaintiff filed an application in said cause for a change of venue from said county of Marion.

"The defendant says that one of the objects of the plaintiff in dismissing the said cause in the Marion Circuit Court and commencing said action on the next day in the Marion Superior Court was to secure such change of venue from Marion county, and thereby evade the statute which allows a party only one change of venue from the county; that the said parties in said cause in the Marion Circuit Court, and in said cause in the Marion Superior Court so attempted to be changed to the said Hamilton Circuit Court, were and are identical and the same, and that the said causes of action were one and the same; that the said Lillie M. Shepherd, by the order of the said Marion Circuit Court as hereinbefore set out, had a right to a change of venue of said cause from said Marion county, and that she failed and refused to accept and perfect the said change of venue, and thereby waived her right thereto; and that she was for that reason not entitled in law to a change of venue from the Marion Superior Court to the said Hamilton Circuit Court." This motion was verified by George W. Bruce, appellant's claim agent.

The granting of appellee's motion for a change of venue from Marion county, if assigned as a reason in appellant's motion for a new trial filed in the Hamilton Circuit Court, could, if well taken, have but one result,—the vacating of the judgment, and the remanding of the cause to the Marion Superior Court. But why should appellant be compelled to wait until an erroneous judgment was entered against it? Why should it be put to the expense of trial if the judgment would be erroneous? The circuit court of

Hamilton county could not grant a new trial in Hamilton county because of the error of the Marion Superior Court in sending the cause to Hamilton county. There was no trial in the court which granted appellee change of venue, and no opportunity was therefore presented to appellant to move for a new trial in that court. Following the reasoning in the case of *Shoemaker* v. *Smith,* 74 Ind. 71, I can see no reason why the ruling of the Marion Superior Court upon the motion for a change of venue is not properly presented by an assignment of error based upon such ruling. The contrary is held in *Walker* v. *Heller,* 73 Ind. 46. The assignment of the error based upon the ruling of the lower court in overruling the motion to remand the cause to the superior court of Marion county presents the same question.

In the case of *Tibbetts* v. *O'Connell,* 66 Ind. 171, a motion to remand was overruled by the trial court. This action of the court was assigned as a reason for a new trial, and upon appeal to the Supreme Court, Tibbetts sought to review the action of the trial court by an assignment of error based upon the action of the trial court in overruling the motion for a new trial. The Supreme Court in that case say: "The overruling of the motion is not made the subject of an independent assignment of error, as we think it should have been, in order to raise any question here as to the correctness of the ruling. Whether the ruling was correct or otherwise, it was not such an one as is made a ground for a new trial. Had it been, the question involved in it would have been properly raised by the motion that was made for a new trial, and the assignment of error upon the overruling of that motion. The first clause of the statute providing for what causes new trials may be granted is the only one that has any semblance of application to such case. It specifies as causes: 'Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion, by which the

party was prevented from having a fair trial.' 2 R. S. 1876, p. 179, §352." The court then concludes that the manner in which the case came into court where it was tried could have nothing to do with the fairness of the trial. The contrary is held in *Sidener* v. *Davis,* 87 Ind. 342, without citing or overruling *Tibbetts* v. *O'Connell, supra,* and without argument or precedent.

The majority of this court believes that we are bound by the decision of the Supreme Court in *Sidener* v. *Davis, supra,* and that the question herein discussed by the writer, arising upon the overruling of the motion to remand, is not presented by the record. The discussion of this question is the individual opinion of the writer.

Appellee admits that the action commenced by her in the circuit court of Marion county and the action commenced by her in the superior court of Marion county are identical, and, "She also admits that she did dismiss her action in the circuit court of Marion county on the 13th day of February, 1899, and by leave of court withdrew her complaint therefrom, and she did file another complaint in this court on the 14th day of February, 1899, based upon the same cause of action." She had in her action commenced in the circuit court of Marion county been granted a change of venue from the county. The cause was ordered sent to Morgan county. She had failed to perfect the change. She had lost the right to another change from the county. *Louisville, etc., R. Co.* v. *Grubb,* 88 Ind. 85. She voluntarily dismissed the action, and on the next day refiled it in another court of concurrent jurisdiction in the same county, and filed her verified motion for a change of venue from the county. We do not believe that it was the intention of the lawmakers to permit any such practice. The law is plain. What can not be done directly, the courts will not permit to be done indirectly. Broom's Leg. Max., 489; *McCormick, etc., Co.* v. *Scovell,* 111 Ind. 551; *Abicht* v. *Searls,* 154 Ind. 594.

In all such matters it is the duty of the courts to deal with the transaction according to the substance, without regard to the form in which it may be disguised. *Long* v. *Crosson,* 119 Ind. 3, 4 L. R. A. 783.

The statute governing changes of venue in civil cases provides: "When a change of venue is directed for any of the causes mentioned in the third, fourth, and fifth specifications of the preceding section, the court or judge shall designate the county to which the venue shall be changed (which may be in the same or an adjoining circuit, as may be deemed best for the furtherance of justice), and shall prescribe the time within which the applicant shall pay the costs of the change; and the clerk of the court in which the suit is pending, as soon as the costs of the change are paid, shall forthwith transmit all the papers and a transcript of all the proceedings to the clerk of the court of the county to which the venue is changed; and the clerk of the proper court shall receive the papers and transcript, giving a receipt therefor, and docket the action in its order among the other cases of the court, and the action shall stand for trial at the first term, and shall be tried or otherwise disposed of in the same manner as if the cause had originated in that court. If the party fail to pay the costs of the change within the time prescribed by the court, he shall be taxed with all the costs made in the case up to the time of such failure, and shall not be entitled to a change of venue from the county. Only one change of venue shall be granted to the same party from the county, and only one from the judge." §417 Burns 1901. The Supreme Court have held in numerous cases that the statute means that but one change can be granted for any cause to the same party from the county, and but one change from the judge. *Hutts* v. *Hutts,* 62 Ind. 240; *Shriver* v. *Bowen,* 57 Ind. 266; *Musselman* v. *Pierce,* 40 Ind. 120.

The granting or refusal to grant a change of venue upon a motion made therefor is a judicial act. If the motion is granted, a judgment is entered that the change be made. If the party applying for the change fails to perfect it, the right to a change is lost. The cause may be dismissed, but the judgment of the court upon the motion to change the venue remains. Every right the applicant had under the statute has been given him. The matter of a change of venue from the county, as to him and his particular cause of action, and as to him and the defendant or defendants in that action, has been adjudicated. He has had all and every right which the statute gives him in that case. The concluding lines of the statute are, "Only one change of venue shall be granted to the same party from the county, and only one from the judge." The word "party" means, as here used, a person or corporation, and refers to either a plaintiff or a defendant in the cause. It could not be construed to mean that only one change of venue could be granted to a person, regardless of the number of actions pending to which he was a party. We think the only correct view is that in the same cause or case or action the same person or party shall be entitled to but one change from the county, and one from the judge, and this construction was undoubtedly intended by the legislature. The fact that appellee dismissed her action, and refiled it in a different court did not make it a different action. It was the same case, within the meaning of the statute.

I think the reasoning in the case of *Ferris* v. *Berkshire Life Ins. Co.,* 139 Ind. 486, peculiarly applicable to the question here presented. In that case the court said: "On the 25th day of May, 1889, the plaintiffs in that action applied for and obtained a new trial as of right under the statute. They failed to enter upon another trial of the cause, but subsequently dismissed it and the appellant commenced this action. The judgment rendered in the Morgan Circuit Court was a bar to this action." The same

court in the case of *Ferris* v. *Udell,* 139 Ind. 579, in commenting upon the holding of the court in the case first cited, say: "These decisions commend themselves to our sense of justice and right. A contrary ruling would turn the statute intended as a shield against mistakes in the trial of real estate cases, by permitting one a new trial without cause, into a sword of wrong and oppression, by which the plaintiff might get any number of trials in the same manner. The legislature certainly never intended any such a thing."

If it should be held that the plaintiff in an action could, by a mere dismissal and refiling of the same cause of action, be entitled to any number of changes of venue, the whole purpose of the statute would be avoided. Such a holding would destroy every principle entering into the doctrine of *res judicata.* Appellee in this case had her rights under the statute to a change of venue from the county adjudicated in another proceeding, in which were the same parties plaintiff and defendant, and exactly the same cause of action stated. She has had all the relief that the statute contemplated. In *Lake Erie, etc., R. Co.* v. *Lowder,* 7 Ind. App. 537, it is held that where a change of venue has been granted, and the change is not perfected in the prescribed time, the court to which the case was taken may remand the case if it has obtained jurisdiction. The court to which the change was taken remands the case to the court from whence it came upon motion showing that the party asking the change was not entitled to it. In the opinion of the writer the failure of the trial court so to remand the case was reversible error.

The solution of the other questions raised by the assignment of errors would require the presence of the evidence in the record. The evidence is not in the record. There was an attempt to bring up the evidence under the act of 1899, §6, p. 384. This section of the act has been held invalid. *Adams* v. *State,* 156 Ind. 596.

The majority of the court are of the opinion that the record presents no available error. Judgment affirmed.

Wiley, J., concurs with Henley, J., that judgment should be reversed.

Robinson, J.—If the record presented the questions discussed I agree with Henley, J., in the reasons assigned by him for a reversal, but so long as the ruling in the case of *Sidener* v. *Davis,* 87 Ind. 342, and in other cases, stands, I think we must agree with appellee's counsel that the question is not properly presented.


## CONCURRING OPINION.

ROBY, J.—Under the decisions of the Supreme Court, I think that the legality of the order granting a change of venue is not presented, it not having been assigned as a reason for a new trial. *Walker* v. *Heller,* 73 Ind. 46; *Caldwell* v. *Board, etc.,* 80 Ind. 99; *Wilson* v. *Johnson,* 145 Ind. 40; *Sidener* v. *Davis,* 87 Ind. 342; *Bane* v. *Ward,* 77 Ind. 153; *Horton* v. *Wilson,* 25 Ind. 316; *Knarr* v. *Conaway,* 53 Ind. 120; *Berlin* v. *Oglesbee,* 65 Ind. 308; *Shoemaker* v. *Smith,* 74 Ind. 71; *Jones* v. *Rittenhouse,* 87 Ind. 348; *Scanlin* v. *Stewart,* 138 Ind. 574; *Wiley* v. *Barclay,* 58 Ind. 577; *Goodrich* v. *Stangland,* 155 Ind. 279.

I do not agree with the statements in the opinion as to the sufficiency of the plea in abatement. Section 416 Burns 1901, §412 Horner 1901, is in part as follows: "The court in term, or the judge thereof in vacation, *shall* change the venue of *any civil action* upon the application of either party, made upon affidavit showing one or more of the following causes" (setting them out). This language is mandatory. It admits of no construction. The provision applies "to any civil action." Section 417 Burns 1901 limits the preceding section as follows: "Only one

Citizens St. R. Co. *v.* Shepherd.

change of venue shall be granted to the same party from the same county, and only one from the judge." The limitation applies to any civil action; and the authorities cited in the opinion treat of attempts to procure two changes in one action. Action in the sense of the word in this statute means "the formal demand of one's right from another person or party, made and insisted on in a court of justice." Bouvier's Law Dict.; §249 Burns 1901, §249 Horner 1901.

When a complaint is filed, and a summons issued thereon, a civil action is commenced. §316 Burns 1901, §314 Horner 1901. An action may be dismissed *without prejudice,* (1) by the plaintiff before the jury retires; or (2) when the trial is by the court, at any time before the finding of the court is announced. After dismissal the action is no longer pending for *any purpose. Breese* v. *Allen,* 12 Ind. 426. It is true, as stated, that granting or overruling an application for a change of venue is a judicial act, but it by no means follows that the right of the same party to a change of venue in another action is thereby adjudicated. Overruling a demurrer to a complaint is also a judicial act, but no one would suspect that such ruling would prevent the defendant from questioning the sufficiency of the complaint in another action between the same parties then pending, or afterwards commenced, although its allegations were identical.

The appellee began a civil action. She dismissed it, and the penalty for failing to prosecute it to a conclusion is the payment of all costs therein made. She afterwards began another civil action and by the express terms of the statute she is entitled to one change of venue from the county therein. This was accorded her by the Marion Circuit Court. The provisions allowing changes of venue are no doubt often abused. The same thing may be said of the right to institute an action. The purpose of the legislature was to enable any party to remove his cause

from a court or county in which he believes that he will not receive a fair and impartial trial. The courts have no power to restrict or destroy that right in any case.