## SUN PUBLISHING COMPANY v. BONIFAS.

[No. 16,240. Filed March 21, 1939. Rehearing denied May 23, 1939. Transfer denied June 12, 1939.]

*Richard L. Ewbank, W. H. Eichhorn, Lee F. Sprague, George H. Koons, Wheeler Ashcraft, Frank B. Jaqua,* and *Robert L. Smith,* for appellant.

Urban T. Bonifas, James R. Emshwiller, Robert W. Bonham, and David A. Myers, for appellee.

CURTIS, C. J.—The appellee Urban T. Bonifas filed his suit in the Jay Circuit Court against the Sun Publishing Company, a corporation, on a promissory note given by that corporation, to the appellee, which was past due and caused summons to be issued directed to the sheriff of Jay County, the county in which the corporation had its principal place of business and service was purportedly had upon the corporation by said sheriff. Notice was also given of an intention to ask for the appointment of a receiver.

The corporation appeared in court by its attorneys Roscoe D. Wheat, Clyde Chattin and Russell E. Wise and before the appellee's showing for the appointment of a receiver was filed an affidavit for a change of venue from Jay County, Indiana, was filed by the Sun Publishing Company. The court granted the change and by agreement of parties the venue was changed to the adjoining county of Blackford. The costs of the transcript and change were paid and the clerk of the Jay Circuit Court transmitted the papers to the clerk of the Blackford Circuit Court, which court assumed jurisdiction.

As a matter of history the appellant in his petition for a writ of prohibition herein informs this court that the appellee filed his application in said Blackford Circuit Court for the appointment of a receiver and also his motion for a change of judge from the regular judge and Hon. O. A. Pursley, a practicing attorney was appointed special judge and qualified and assumed jurisdiction. The application for appointment of a receiver was heard and was sustained and a receiver appointed for the corporation assets of Sun Publishing Company. The receiver gave bond in the sum of $5,000.00, qualified and entered upon the duties of his trust and has ever since been acting under such order as

receiver. (These additional historical facts have been furnished by both the appellee and the appellant.)

On the 2nd day following said appointment of said receiver Ethan A. Fulton and Wheeler Ashcraft claiming to be President and Secretary-Treasurer respectively of the Sun Publishing Company, filed in the Jay Circuit Court, after the said venue had been changed to the Blackford Circuit Court, a motion entitled "Verified Motion by the Sun Publishing Company to set aside and vacate the order granting a change of venue from the county herein and to have this cause ordered returned to this court."

To this motion the appellee appeared specially and filed his motion to strike out the purported motion to remand.

The motion to remand was stricken out by the court on the ground that the venue had been changed and the case was pending before the Blackford Circuit Court which had full jurisdiction. The court's finding on this matter contains the following:

> "The court being duly advised in the premises, now rules on said motion to strike out said motion to remand and finds that it has no jurisdiction to hear or decide any question of fact presented by the verified motion to remand said cause from the Blackford Circuit Court to this court. The court further finds that at the time said motion to remand was filed in this court the transcript and original papers in said cause had been transferred and were on file with the clerk of the Blackford Circuit Court. That the Blackford Circuit Court was at that time vested with full jurisdiction of said cause entitled, '*Urban T. Bonifas* v. *Sun Publishing Company*.' The court further finds that said motion of Urban T. Bonifas to strike out said verified motion to remand should be and is hereby sustained."

The order and judgment followed the finding.

It is from the above mentioned order and judgment

that this appeal has been prosecuted. The error assigned in this court is as follows:

"(1) The said Jay Circuit Court erred in striking out appellant's (defendant's) said 'verified motion by Sun Publishing Company to set aside and vacate the order granting a change of venue from the county herein and to have this cause ordered returned to this court.'

(2) The said Jay Circuit Court erred in sustaining the motion of the appellee (plaintiff) to strike out appellant's (defendant's) said 'verified motion by Sun Publishing Company to set aside and vacate the order granting a change of venue from the county herein and to have this cause ordered returned to this court,' and in striking out such verified motion on appellee's said motion."

The decision of this case turns upon the answer to one single question, to wit: After the motion to change the venue herein which was regular upon its face and presented by a party who, under the law, was entitled to a change of venue, was sustained and the venue ordered changed from the Jay Circuit Court where the cause had been pending to the Blackford Circuit Court in an adjoining county and where the change was fully and completely perfected and the Blackford Circuit Court had assumed jurisdiction of the cause did the Jay Circuit Court thereafter have jurisdiction to set aside its change of venue order and order the case remanded by the Blackford Circuit Court to the Jay Circuit Court? In our opinion the Jay Circuit Court had no power to set aside its said change of venue order and to order the Blackford Circuit Court to remand the case. This being true, there was no reversible error in the order and judgment of the court striking out the appellant's said motion.

The general rule is that a court may in its discretion either by consent of the parties or for any sufficient

cause, and at the same term before the transfer is made vacate or set aside its order in regard to a change of venue and may reinstate the cause for trial. After the jurisdiction of the court is divested however, it cannot vacate or set aside its order. See, 67 C. J. pages 207-224. See also: *The Toledo, Wabash & Western R. W. Co.* v. *Wright* (1879), 68 Ind. 586; *Niagara Oil Co.* v. *Jackson et al.* (1911), 48 Ind. App. 238, 91 N. E. 825; *Citizen's Street Railroad Co.* v. *Shepherd* (1902), 29 Ind. App. 412, 62 N. E. 300; *The Lake Erie & Western Railroad Co.* v. *Lowder* (1893), 7 Ind. App. 537, 34 N. E. 447, 34 N. E. 747; *State ex rel. O'Neill et al.* v. *Pyle et al.* (1933), 204 Ind. 509, 184 N. E. 776; *State ex rel. Price* v. *Weir, Judge* (1936), 210 Ind. 606, 4 N. E. (2d) 553.

The appellant cites and relies upon the case of *State ex rel.* v. *Superior Court of Marion County* (1931), 202 Ind. 456, 460, 174 N. E. 732. In our opinion this case lends no support to the appellant's position. Among other things the court said: "But, if a regular and valid order of a court (granting a motion for a change of venue) divests it of jurisdiction of a case and another court lawfully acquires jurisdiction thereof, the first court, by later order, cannot recall the case or exercise any further jurisdiction thereof," citing authorities. The case thus recognizes the controlling principle of law governing the instant case. In the above case the court found that the venue was changed upon the motion of one who had no right to a change of venue. In that respect the court said (p. 461): "The affidavit of Neal for a change of venue was not within the provisions of the statute providing for change of venue and was of no effect. It was not a sufficient basis for the court's order of December 23, and this change having been accomplished in a manner not authorized or provided for by law, we hold that the Superior Court Room 2 did not

lose its jurisdiction so as to prevent it from making its order of January 3, 1931." The case is in no way controlling in the instant case for the very obvious reason that in that case the motion for a change of venue was made by one *not entitled* to a change of venue and in the instant case we have just the opposite, to wit: the motion for a change of venue was made by Sun Publishing Company, a party who *was entitled* to such change.

If the change of venue in the instant case was accomplished in the manner claimed by the appellant, to wit: by a motion and affidavit by persons who were not at that time duly elected and qualified officers of the corporation obtaining the change of venue (and we need make no attempt herein to decide whether or not they were the duly elected and qualified officers of such corporation) yet upon the face of the record herein the change of venue proceedings were in all things regular; the change was fully and completely perfected and the Blackford Circuit Court assumed and exercised jurisdiction.

It then was the proper court in which to present whatever grievance, if any, the appellant had. In the case of *Niagara Oil Co.* v. *Jackson, supra,* the court said (p. 246) : "After the change was made the venue of the cause of action was in the Delaware Circuit Court, and that court had the same jurisdiction and power to make any order or ruling that it *would have had had the case been properly brought in said court in the first instance.*" (Our italics.)

In the case of *The Toledo, Wabash & Western R. W. Co.* v. *Wright, supra,* the court in speaking of the effect of a change of venue said (p. 600), "It seems to us, therefore, that from the time the papers in this cause were filed in the Grant Circuit Court on such change of venue, to wit, from the 13th day of November, 1873, that court had jurisdiction of this action, and of all proper motions

to be made therein. If the appellee, upon the facts stated in his affidavit, had the right (but we think he had not) to have this case and the papers therein remanded and sent back to the court below, we would be of the opinion that he should have addressed his motion to that end to the Grant Circuit Court; for, at that time, the latter court alone had jurisdiction of the case, and of all proper motions to be made therein."

We have found no reversible error.

Judgment affirmed.

Laymon, J., concurs in result.

DeVoss, J., not participating.