STATE EX REL. SUN PUBLISHING COMPANY *v.* PURSLEY
[No. 27,421. Filed December 2, 1940.]

*Lee F. Sprague,* of Hartford City; *Richard L. Ewbank,* of Indianapolis; *W. H. Eichhorn,* of Bluffton; *George H. Koons,* of Muncie; and *Frank B. Jaqua, Wheeler Ashcraft* and *Robert L. Smith,* all of Portland, for relator.

*Bonham & Emshwiller,* of Hartford City, for respondent.

FANSLER, J.—This is an original action seeking a writ of prohibition against the respondent, prohibiting him from acting as special judge in the Blackford Circuit Court in a cause in which Urban T. Bonifas is plaintiff and the Sun Publishing Company is defendant. Upon the filing of the petition, a temporary writ issued.

It appears that the plaintiff, Bonifas, brought an action against the Sun Publishing Company in the Jay Circuit Court in which the plaintiff asked for the appointment of a receiver. The return on the summons

shows that it was served by reading "to Malcolm V. Skinner, Secretary of Sun Publishing Co. Arthur Lee Manager Sun Publishing Company," and Roscoe D. Wheat and Clyde N. Chattin entered an appearance for the Sun Publishing Company. The venue was thereafter changed to the Blackford Circuit Court, and, in proper proceedings, the respondent was selected as special judge. Thereafter E. A. Fulton and Wheeler Ashcraft, claiming to be President and Secretary-Treasurer, respectively, of the Sun Publishing Company, filed in the Jay Circuit Court, in the name of the Sun Publishing Company, a verified motion to set aside and vacate the order granting a change of venue from that county, upon the ground that they were the officers of the company, and that the persons served with the summons in the case were not officers of the company; that the attorneys who appeared for the company had no authority to appear; and that the court had acquired no jurisdiction of the person of the Sun Publishing Company. Their petition was denied, and the judgment was affirmed by the Appellate Court, upon the ground that jurisdiction of the subject-matter of the petition was in the Blackford Circuit Court. See *Sun Publishing Co.* v. *Bonifas* (1939), 106 Ind. App. 607, 19 N. E. (2d) 879. Thereafter Fulton and Ashcraft appeared in the Blackford Circuit Court and filed a similar petition in the name of the Sun Publishing Company. While the petition was pending, a verified motion for a change of judge was filed in the name of the Sun Publishing Company by attorneys representing Fulton and Ashcraft. The motion was verified by Ashcraft. In this motion a proper showing was made for the appointment of a special judge from a list to be certified by the clerk of this court. Without any action by the court upon

this motion for a change, the movers procured the Clerk of the Blackford Circuit Court to transmit the motion for the change of judge to the clerk of this court. Thereafter the clerk of this court certified the names of three judges; that when these names were certified, without the knowledge of the court, the movers struck one of the names. Upon the action of the clerk being brought to the knowledge of the respondent, he ordered that the names certified by the clerk of this court be returned, and respondent then notified the plaintiff, Bonifas, that a motion for a change of venue from the judge had been filed and was then pending. The plaintiff then filed a motion to strike out and reject the motion upon the ground, among others, that neither Fulton nor Ashcraft nor their attorneys had any authority to act for or represent the defendant, Sun Publishing Company. Before there was a hearing upon the motion, the relator's petition to this court was filed and the temporary writ of prohibition was issued.

The change of venue statutes all provide for a change of judge upon the application of a party, and it is settled that one must be a party to an action in order to be entitled to a change of judge. See *Sherry et al.* v. *Denn, etc.* (1847), 8 Blackf. 542; *State ex rel. Mabbitt* v. *Smith* (1877), 55 Ind. 385.

But the question pending in the court below is not whether the Sun Publishing Company, a party to the action, is entitled to a change of judge, but whether the Sun Publishing Company is seeking a change of judge. This question is merely incidental, and may be determined by the trial court in a summary manner. No rational rule will require that a change of judge be granted on the motion of the Sun Publishing Company before it is determined that the Sun Publishing Company, speaking by some one author-

ized to speak for it, has asked for a change of judge. Such a practice would tend to unduly interfere with orderly procedure. It is not authorized by the statute or by the decisions.

The temporary writ of prohibition is dissolved and a permanent writ denied.

NOTE.—Reported in 29 N. E. (2d) 991.