## KNARR ET AL. *v.* CONAWAY ET AL.

ASSIGNMENT OF ERROR.—*Change of Venue.*—*New Trial.*—The erroneous refusal of a change of venue is a cause for a new trial, and therefore cannot, on appeal to the Supreme Court, constitute the ground of an assignment of error.

SAME.—*Pleading.*—*Parties.*—The fact that the parties to an action are not named at the commencement of the complaint will not, on appeal to the Supreme Court, sustain an assignment of error that the complaint does not state facts sufficient to constitute a cause of action.

SAME.—*Clerk's Certificate to Transcript.*—*Exhibits.*—Where, on appeal to the Supreme Court by the defendant in an action, the clerk's certificate to the transcript of the record does not show that the transcript contains all

the papers filed in the cause, the fact that copies of notes and a mortgage constituting the foundation of the action, which the complaint alleges are filed with it, do not appear in the record, will not support an assignment of error that the complaint does not state facts sufficient to constitute a cause of action.

From the Ripley Circuit Court.

*W. D. Willson* and *G. Durbin,* for appellants.

*H. W. Harrington, Ward & Rebuck* and *Gordon, Browne & Lamb,* for appellees.

DOWNEY, C. J. — This is a second appeal in the same case. The case when here before is reported in 42 Ind. 260. After the cause went down to the circuit court, the application for a change of venue was renewed by the defendants, on the affidavit previously filed, and was again overruled. The defendants excepted, and filed their bill of exceptions. The plaintiff filed what is denominated a substituted complaint, to which the defendants were ruled to answer. This they failed to do, and the rule was closed. The cause was then submitted to the court for trial, and there was a finding and judgment for the plaintiff.

Two errors are assigned:

1. The refusal to grant a change of venue.

2. That the complaint does not state facts sufficient to constitute a cause of action.

1. The improper refusal of a change of venue is a reason or ground for a new trial, and not a matter that can be assigned for error in the first instance. Buskirk's Prac. 224.

2. One objection urged to the substituted complaint is, that the parties are not named at the commencement of it. This was probably the omission of the clerk in copying the substituted complaint. At all events, the objection is not one that goes to the sufficiency of the facts to constitute a cause of action.

The only other objection to the substituted complaint is, that although it states that copies of the notes and mortgage are filed with it, they do not appear in the record. The appellant has not brought up a complete record. It does

not profess, according to the clerk's certificate, to contain all the papers filed in the cause. For this reason, this objection cannot be sustained. If the clerk's certificate showed that the transcript was a complete one, the objection would be well taken.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.