Reed *et al. v.* Spayde.

### REED ET AL. *v.* SPAYDE.

INTERROGATORIES TO PARTY.—*Practice.*—*New Trial.*—*Assignment of Error.*— *Supreme Court.*—The action of the circuit court upon a motion to reject interrogatories to a party, filed with a pleading in a cause, is not ground for a new trial, and can only be presented to the Supreme Court, on appeal, by assigning such action as error.

SAME.—*Failure to Answer.*—*Judgment as upon Default.*—Where, because of the failure of such party to answer such interrogatories, judgment as upon default is rendered against him, such action is not ground for a new trial.

SAME.—Where such judgment is rendered against a party appearing to the action, without an exception, no question in relation to the rendition of such judgment can be presented by him to the Supreme Court, on appeal, if he had made no motion, in the lower court, to set aside such default.

SAME.— *When Default may be taken.*—A default may be taken against the defendant in an action upon any day, subsequent to the first, of the term at which he was summoned to appear.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellants.

*H. S. Biggs,* for appellee.

BIDDLE, J.—Complaint on a promissory note, by the appellee, against the appellants. After the complaint had been filed, and after a rule for answer had been granted against the appellants, the appellee filed interrogatories to be answered by the appellants. The appellants moved to reject the interrogatories. The motion was overruled, and exception taken. The court then put the appellants under rule to answer the interrogatories. It is insisted by the appellants, that this practice is irregular,—that the interrogatories should have been filed with the complaint at the same time the complaint was filed, and could not be filed afterwards. Whether this practice is right or wrong, we can not review it in this case. The question is not properly presented. If an error was committed, it was not an " error of law occurring at the trial." It is obvious that a new trial would not correct such an error ; for, after a new trial was granted, the error would

stand in the record the same as before. Such a question can be presented only by an assignment of error. This the appellants have not made; the question is therefore not before us.

The appellant Gibson withdrew his appearance and was defaulted. The other appellants answered by a general denial, and because the other appellants, Charles F. Reed and Stephen Reed, failed to answer the interrogatories, the court considered, " that judgment be entered against said defendants as upon a default," and proceeded to assess the appellee's damages. To this ruling the appellants did not except, but moved for a new trial, without moving to set aside the default, and assigned the ruling on the interrogatories as a cause for a new trial.

We do not think the record presents any question. There was no trial—the default admitted the facts—and it would be a contradiction of terms to hold that there could be a new trial, where there had been no trial. The form of the trial was a nullity. Besides, granting a new trial would not set aside the default. That would still remain in force after the new trial was granted. *Fisk* v. *Baker*, 47 Ind. 534. And, whether the default was right or wrong, the appellants could not be relieved against it except by motion, which they did not make; and where the parties have appeared to the action, as in this case, there can be no relief granted in this court, unless it has been asked for and denied in the court below. *Barnes* v. *Conner*, 39 Ind. 294, and the numerous authorities there cited. Also, *Johnson* v. *Ikerd*, 48 Ind. 380.

It is also urged as error, by the appellants, that the court pronounced the judgment by default on the eighth day of the term, when the cause was set down for trial on the sixteenth day of the term. There is no bill of exceptions in the record to show us that the cause was set down for trial on the sixteenth day; besides, if there was, a default may be taken on any day of the term after the

first, and, having been taken, the parties can be relieved against it only in the manner pointed out above.

That the evidence does not sustain the finding as to the amount of damages, and that the damages are excessive, are also insisted upon as errors; but we think the evidence as to the amount of damages clearly sustains the finding.

Other errors are insisted upon, but they are such as the parties could be relieved against only by moving to set aside the judgment of default, which was not done.

The judgment is affirmed, with costs.