$$\begin{array}{|cc|} \hline 58 & 577 \\ 166 & 260 \\ \hline \end{array}$$

WILEY, BY HIS NEXT FRIEND, SCOBEY, ET AL. *v.* BARCLAY.

SUPREME COURT.—*Assignment of Error.—New Trial.—Practice.*—Matter, which is only cause for a new trial, can not be independently assigned as error, on appeal to the Supreme Court.

SAME.—*Change of Venue.*—Error in reinstating a cause in which a change of venue has been granted, or in refusing sufficient time to perfect it is only cause for a new trial.

From the Decatur Circuit Court.    -

*J S Scobey,* for appellants.

*O B. Scobey, J. D. Miller* and *F. E. Gavin,* for appellee.

HOWK, J.—Omitting the title of the cause, and the signature of counsel, the appellants' assignment of errors on the record of this action, in this court, is in these words, to wit.

" Said appellants come, and allege and say, that there

is manifest error in the foregoing record and proceedings of said Decatur Circuit Court, in this, to wit:

"1st. Said court erred, in sustaining the motion of the appellee, Barclay, to have said cause reinstated on the docket of said Decatur Circuit Court, and in ordering a return of the papers therein from the Shelby Circuit Court, after the venue in this case had been changed from said Decatur Circuit Court, to said Shelby Circuit Court;

"2d. Said Decatur Circuit Court, at the time of said trial in this cause, had no jurisdiction either of said cause or of the person of said appellant;

"3d. Said Decatur Circuit Court erred, in overruling the counter-motion of the said appellant, made in said court, to enlarge or allow time to said appellant, as therein stated, to perfect his said change of venue, in said case.

"Wherefore said appellants pray a reversal of said judgment, and he restored to all that he has lost thereby."

From a mere glance at this assignment of errors, it will be readily seen, that each of said alleged errors is nothing more than a cause for a new trial. These alleged errors were at most, as we understand them, irregularities in the proceedings of the court below, by which, it might be said, that the appellants were prevented from having a fair trial. As such irregularities, these errors come fairly within the first statutory cause for a new trial. 2 R. S. 1876, p. 179, sec. 352; *Horton* v. *Wilson*, 25 Ind. 316. The record of this cause shows that these alleged errors were assigned as causes for a new trial, in the appellants' motion therefor addressed to the court below; but, for some reason, which is not apparent, the appellants have not assigned as error the overruling of their motion for such new trial.

It is well settled, by numerous decisions of this court, that causes for a new trial are not properly assignable here as independent errors, and that, when thus as-

signed, they present no questions for our consideration. *Conner* v. *Wall*, 37 Ind. 252; *Knarr* v. *Conaway*, 53 Ind. 120; *Nelson* v. *Blakey*, 54 Ind. 29; and *Gregory* v. *Schoenell*, 55 Ind. 101.

The appellants' assignment of errors, in this case, presents no question for our decision, beyond these questions of practice.

The judgment of the court below is affirmed, at the appellants' costs.

Petition for a rehearing overruled.