No. 9620.

CORWIN ET AL. *v.* THOMAS.

JUDGMENT.—*Modification.*—*Notice.*—*Practice.*—A motion to modify a judgment, as to costs, after the term, can only be heard upon notice to the other party.

SAME.—*New Trial.*—*Default.*—A motion for a new trial, after a judgment by default, is unintelligible, and should not be entertained.

SAME.—*Costs.*—The overruling of a motion to tax costs is not cause for a new trial.

From the Madison Circuit Court.

*C. L. Henry* and *H. C. Ryan,* for appellants.

*A. W. Thomas,* for appellee.

BLACK, C.—This was a suit brought by the appellee, in possession of certain real estate, to quiet his title thereto as against two certain recorded conveyances thereof, one being a tax deed executed to the appellant Corwin, against whom alone the suit was commenced, and the other being a deed of quitclaim executed by said Corwin pending the suit to the other appellant Burr, who was made a defendant under an amended complaint.

The appellants made default, and there was judgment quieting the appellee's title. The costs were adjudged against the appellants.

At the next term, the appellants filed their written motion to tax all costs in said cause against the appellee, for the reason that the suit was one for the purpose of quieting the ap-

Corwin *et al. v.* Thomas.

pellee's title to real estate, and no appearance to the complaint or proceedings had been made by the appellants or either of them, but the judgment had been taken against them by default. See section 613,. Code of 1852.

This motion was overruled. The appellants then filed a motion for a new trial, stating causes therein as follows:

" 1. That the court erred in overruling defendants' motion to tax all costs in said cause to plaintiff.

" 2. That the finding and decision of the court is contrary to law.

" 3. That the finding and decision of the court is not sustained by sufficient evidence."

It is said in a bill of exceptions, that the court refused to entertain this motion, and struck it from the files, and overruled it.

The assignment of errors is as follows:

" 1. The court erred in overruling appellants' motion to tax costs.

" 2. The court erred in overruling and refusing to entertain appellants' motion for a new trial.

" 3. The court erred in rendering judgment and decree in said cause against appellants without any service of process upon, or without any appearance by or for them or either of them."

The judgment, as a part of which costs were adjudged against the appellants, appears in the record among the proceedings of a day in a term prior to that at which the motion to tax the costs against the appellee was filed; and it is not shown that the appellee had notice of the motion, or that he appeared in person or by attorney. We can not know that it was not because of want of notice to the appellee that the court overruled the motion. This would have been a sufficient reason for the action of the court. *Crews* v. *Ross,* 44 Ind. 481, 490.

As to the first cause assigned in the motion for a new trial, an error in refusing to modify a judgment could not be a reason for a new trial. The law, through the judgment of the

court, and not the jury or the court acting as a jury, determines the question of costs. *Conner* v. *Winton,* 8 Ind. 315.

An application for a new trial for the other causes assigned in this motion can not be entertained after the term at which the verdict or decision was rendered.

But a new trial could not be granted for any cause, whatever the form of the application therefor or the time of making it, when there has been a judgment upon default; for in such a case there has been no trial. An application for a new trial of a case that has not been tried, is an unintelligible request. *Fisk* v. *Baker,* 47 Ind. 534; *Reed* v. *Spayde,* 56 Ind. 394.

In regard to the third assignment of error, it is enough to say that, upon *certiorari,* awarded on the motion of the appellee, summonses and the returns thereon, showing service upon each of the appellants, have been certified up to this court by the clerk of the court below.

The judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the costs of the appellants.