No. 12,367.

## FREEMAN v. PAUL.

REVIEW OF JUDGMENT.—*When Will not Lie.*—Where the facts entitle a party to the relief awarded, a bill to review will not lie, even though the prayer in the complaint filed in the original action is not broad enough to cover the relief granted.

APPEARANCE.—*Duty of Party.—Recital in Summons as to Relief Sought.— Practice.*—Where a defendant is served with summons, it is his duty to appear and ascertain the nature of the cause of action alleged against him, and the fact that the recital in the summons does not fully inform him as to the relief sought, will not relieve him of the consequences of his failure to appear.

From the Vigo Circuit Court.

*W. W. Rumsey,* for appellant.

*W. Eggleston* and *E. Reed,* for appellee.

ELLIOTT, J.—The material facts contained in the complaint of the appellant are these: In 1878, the appellee obtained judgment against the appellant for $268 on promissory notes, and also obtained a decree foreclosing a mortgage by which the notes were secured. In August, 1879, the judgment was paid by the execution of new notes for part of the amount due, and by payment in money of the residue of the judgment. Suit was brought on these notes in June, 1881, and a judgment and decree of foreclosure obtained by the appellee. After partial payments had been made on the judgment and decree, a certified copy was issued to the sheriff, a levy was made and the mortgaged premises sold. Two years after the sale, the appellee commenced a suit to set aside the judgment and decree, and obtained the relief sought. The relief prayed by the appellant is, that the decree and judgment obtained in the suit last brought by the appellee be reviewed and set aside. The complaint in the action in which the judgment sought to be reviewed was rendered, alleges that the judgment and decree rendered in June, 1878, was entered satisfied by the appellee's attorney, that he acted

Freeman *v.* Paul.

without her knowledge or authority, and that there was in fact no satisfaction of that decree and judgment. The prayer for relief is this: "She therefore asks the court to set the aforesaid satisfaction of said judgment aside, to cancel the last judgment aforesaid, and to permit her to have an order of sale issued on said first judgment, and for all other proper relief." The summons issued in the suit brought to set aside the entry of satisfaction, states that the defendant is required to "answer the complaint of Sarah J. Paul to set aside satisfaction of judgment."

The trial court did not err in sustaining the appellee's demurrer to the appellant's complaint. The facts stated in the complaint filed in the suit brought to cancel the entry of satisfaction, entitled the appellee to a decree of cancellation and to an order directing process to issue on the judgment. Where the facts entitle a party to the relief awarded, a bill to review will not lie, even though the prayer for relief in the complaint filed in the original action is not broad enough to cover the relief granted, but here the prayer is broad enough to warrant the relief decreed, so that the question is entirely free from doubt.

Where a defendant is served with summons, it is his duty to appear and ascertain the nature of the cause of action alleged against him, and he can not escape the consequences of his neglect to do this, upon the ground that the recital in the summons did not fully inform him of the nature of the cause of action, or correctly describe the relief sought.

Judgment affirmed.

Filed March 26, 1886; petition for a rehearing overruled May 14, 1886.