Jonsson *et al. v.* Lindstrom *et al.*

No. 13,035.

JONSSON ET AL. *v.* LINDSTROM ET AL.

REAL ESTATE.—*Wrongful Removal of House From.—Adoption of Wrong.— Conversion.—Damages.*—Where A., with knowledge of the facts, permits B. to place upon his ground a house which B. has wrongfully removed from the premises of another, and refuses to permit the owner to restore it to its original location, claiming ground rent from B., there is such an adoption by A. of B.'s wrong, and such an appropriation of the property, as to make him liable for the damages.

SAME.—*New Trial as of Right.*—In such a case, a party can not demand a a new trial as of right under section 1064, R. S. 1881.

JUDGMENT.—*Default.—Setting Aside.—Sickness of Defendant.*—Where a defendant, who has been duly served with a summons, is unable to attend court on the day of trial on account of sickness, yet refuses to employ an attorney to appear for him, he is not entitled to have a judgment by default set aside.

From the Marion Superior Court.

*I. Klingensmith* and *W. P. Adkinson,* for appellants.

*R. Denny* and *W. D. Tobin,* for appellees.

MITCHELL, C. J.—This was an action by Lindstrom and two others, trustees of the "Swedish Evangelical Bethany Lutheran Church" of the city of Indianapolis, against Jonsson and Born.

It is alleged in the complaint that the society above named was the owner of a certain described lot in the city of Indianapolis, upon which there had been erected a frame building, which had sometimes been used for purposes of public worship, and at other times as a tenement or dwelling-house. The plaintiffs charge that the defendant Jonsson wrongfully and unlawfully severed and removed the above mentioned building from the lot belonging to the church, and placed the same upon a lot owned by the defendant Born, where the house so removed remained at the time of the commencement of this suit. It is alleged that the house was there occupied by Jonsson, and that Born, with full knowl-

edge that the house had been wrongfully removed from the lot owned by the church, gave permission to Jonsson to put and keep the house upon his (Born's) lot, and that he refuses to permit it to be replaced on the lot owned by the church. There was a prayer for judgment for the alleged value of the house; and, also, that the court enter a decree declaring the church to be the absolute owner of the house, and requiring the defendants to replace the same upon the lot owned by the church; and, also, to make the amount of any judgment which might be rendered a specific lien upon the lot of the defendant Born upon which the house was then situate.

For the defendant Born it is argued that the complaint does not state facts sufficient to constitute a cause of action against him. It is said that he did nothing more than give Jonsson permission to place the house upon his lot.

The complaint, however, goes much further. It charges that Born, with full knowledge that the house had been wrongfully removed from the lot owned by the church, gave permission to have it placed upon his lot, and afterwards refused to permit those acting for the church to remove the house and replace it upon the lot belonging to the church. This was such an adoption of the wrong of Jonsson, and such an appropriation of the property of the church, as made Born liable.

It is true, Born only asserted the right to hold the house until the rent due, or claimed to be due, from Jonsson should be paid. But, so far as appears, Jonsson had no title to or right to remove the house from the church lot, or to place it on Born's lot. Placing it upon Born's land gave the latter no right to the house, nor to retain it upon his land until Jonsson paid him the ground rent. When, therefore, Born refused to permit the real owner of the building to restore it to where it belonged, he took the chance of maintaining Jonsson's right to the building, or of paying the owner its value. The complaint was sufficient.

Upon issues duly made the cause was tried by a jury, who

returned a verdict against both defendants for two hundred dollars damages.

It is insisted that the court erred in refusing the defendants a new trial as a matter of right. It is very clear[4] that this is not a case belonging to the class in which new trials may be granted as a matter of right. New trials as a matter of right are only granted, under section 1064, R. S. 1881, and can only be demanded, when the purpose of the suit is to recover possession of real estate, or to settle and quiet conflicting titles thereto. The present suit was in tort, to recover damages for wrongfully severing a building from real estate, and for wrongfully removing and appropriating it, and refusing to permit the rightful owner to restore it to its proper place.

The court committed no error in refusing to set aside the judgment which was taken by default against the defendant Born. It appears that he was duly served with a summons, and although he shows that he was unable to attend court on the day of the trial, on account of infirmity and ill health, he also shows that he did not deem it necessary to employ a lawyer, who could have appeared for him, and to whom he might have committed his defence.

There was no error. The judgment is affirmed, with costs.

Filed March 3, 1888; petition for a rehearing overruled March 24, 1888.