## CHICAGO, INDIANA AND EASTERN RAILWAY COMPANY *v.* CURLESS.

[No. 3,758. Filed May 14, 1901. Rehearing denied October 1, 1901.]

APPEAL AND ERROR.—*Denial of Application for Change of Venue.—Assignment of Error.—Railroads.—Right of Way.*—The denial of an application for a change of venue in a proceeding for the appropriation of land for a railroad right of way cannot be questioned by an independent assignment of error on appeal, but must be stated as a ground in a motion for a new trial. *p. 307.*

SAME.—*Conflicting Evidence.*—The Appellate Court will not disturb a verdict on conflicting evidence. *p. 308.*

TRIAL.—*Instructions.—Refusal to Give.*—Available error cannot be predicated upon the refusal of the court to give certain instructions, where the instructions, in so far as they were applicable, were included in other instructions given. *p. 308.*

RAILROADS.—*Appropriation of Land for Right of Way.—Damages.— Evidence.*—In a proceeding for the appropriation of farm land for a railroad right of way, evidence as to the value of the land for farming purposes with the railroad constructed thereon is admissible. *pp. 308, 309.*

From Grant Circuit Court; *H. J. Paulus,* Judge.

Proceeding by Chicago, etc., R. Co., for the appropriation of land for right of way. From a judgment in favor of Arthur E. Curless on exceptions to the award of appraisers, the railroad company appeals. *Affirmed.*

*A. E. Steele* and *J. A. Kersey,* for appellant.

*R. T. St. John, W. H. Charles, G. A. Henry* and *P. H. Elliott,* for appellee.

ROBINSON, J.—Appellant began proceedings under the statute to appropriate land for a right of way. Both parties filed exceptions to the award of the appraisers, and the case was submitted to a jury in the circuit court. Verdict and judgment for appellee.

The first three specifications of error seek to question the denial of appellant's application for a change of venue from the county. It is held that this question cannot be raised by an assignment of error, but must be stated as a ground in a motion for a new trial, which has not been done. *Walker v. Heller,* 73 Ind. 46; *Knarr v. Conaway,* 53 Ind. 120; *Bane v. Ward,* 77 Ind. 153; *Sidener v. Davis,* 87 Ind. 342; *Berlin v. Oglesbee,* 65 Ind. 308; *Wiley v. Barclay,* 58 Ind. 577; *Wilson v. Johnson,* 145 Ind. 40; *Bement v. May,* 135 Ind. 664, 675.

It is held, however, that this rule does not apply when an appeal has been taken from an order appointing a receiver, and that in such case a refusal to change the judge may be assigned as error, as the law in such proceeding makes no provision for a new trial. *Shoemaker v. Smith,* 74 Ind. 71.

There is nothing in the case of *Wiltfong v. Schafer,* 121 Ind. 264, that declares a doctrine contrary to the above cases. It is true in that case the refusal to grant the change was as-

signed as error. But there was also a motion for a new trial, and one of the grounds of that motion may have been the refusal to grant the change. Whether the question was properly raised does not seem to have been discussed. The opinion is not necessarily in conflict with the above cases.

Counsel for appellant have discussed at some length the sufficiency of the evidence to sustain the verdict. There is a very sharp conflict in the testimony of the witnesses, but there is evidence to support the verdict in appellee's favor and in the amount of damages named by the jury. We could not disturb the verdict without weighing the evidence, and this we cannot do. There is nothing in the record that takes the case out of the general rule.

The sixth and seventh reasons for a new trial are the refusal of the court to give the sixth and ninth instructions requested by appellant. . In so far as these instructions were applicable they were included in other instructions given. In the instructions given the jury were very clearly told what they should consider in estimating the damages, if any, to the drainage of appellee's land caused by the appropriation of the right of way and the construction of the road. It is the rule in this State that in determining the amount of damages future benefits that may accrue to the landowner from the construction and operation of the road are to be excluded. §922 Burns 1901; *Evansville, etc., R. Co.* v. *Fitzpatrick*, 10 Ind. 120; *White Water, etc., R. Co.* v. *McClure*, 29 Ind. 536.

There was no prejudicial error in permitting a witness to state the value of the land for farming purposes with the railroad constructed thereon. The record shows that the case was tried upon the correct theory as to ascertaining the damages in such cases. The land in question was a farm, and used for farming purposes. In the case of *Boone Co.* v. *Patterson*, 98 U. S. 403, 25 L. Ed. 206, the court said: "So many and varied are the circumstances to be taken into account in determining the value of property condemned

for public purposes, that it is perháps impossible to formulate a rule to govern its appraisement in all cases. Exceptional circumstances will modify the most carefully guarded rule; but, as a general thing, we should say that the compensation to the owner is to be estimated by reference to the uses for which the property is suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future." *Ohio Valley R. Co.* v. *Kerth*, 130 Ind. 314; *Evansville, etc., R. Co.* v. *Swift*, 128 Ind. 34. Judgment affirmed.