Casto *v.* Shew.

---

## CASTO ET AL. *v.* SHEW.

[No. 4,487. Filed November 24, 1903. Rehearing denied January 27, 1904.]

APPEAL AND ERROR.—*Affidavits Filed in Support of Motion.*—*Parol Evidence.*—Affidavits in support of a motion to be relieved from a judgment because of mistake, inadvertence, surprise, or excusable neglect (§399 Burns 1901) partake of the nature of depositions and parol testimony, and not of the nature of documentary evidence, and are governed by the rules applicable to parol evidence. *p. 339.*

SAME.—*Judgment.*—*Affidavits to be Relieved from.*—*Review.*—The action of the court in overruling a motion to be relieved from a judgment, under §399 Burns 1901, will not be interfered with on appeal, where the motion was submitted upon affidavits and counter-affidavits. *p. 340.*

From Vermillion Circuit Court; *A. F. White,* Judge.

Action by Lysander Shew against Irene Casto and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. T. Walker, Hugh Conley* and *Paul Conley*, for appellants.

*J. W. Amis* and *D. C. Johnson*, for appellee.

Robinson, J.—Appellee sued appellants and others for damages for breach of a replevin bond. Appellants each filed answer of general denial. There was a trial by the court, and judgment rendered in appellee's favor. Appellants' motion to be relieved from the judgment because of their mistake, inadvertence, surprise, or excusable neglect (§399 Burns 1901) was overruled. This ruling presents the only question sought to be reviewed.

The motion is not to set aside a default. It appears by the bill of exceptions that on the day set for trial appellants were present by counsel, who filed an answer, and it does not appear that any objection was made to proceeding with the trial, or any effort made to secure a continuance.

Affidavits were filed in support of the motion, also counter-affidavits by appellee, and an affidavit by one of the appellants in reply. It is unnecessary to set out these affidavits and counter-affidavits. Upon some of the questions they are conflicting. Whether they showed mistake or inadvertence or excusable neglect was a question of fact. And in determining whether the ultimate fact of mistake, inadvertence, or excusable neglect was shown, the trial court not only considered the facts set out in the affidavits, but also the legitimate inferences to be drawn from such facts. Affidavits in such cases partake of the nature of depositions and parol testimony, and not of the nature of documentary evidence, and the rules applicable to parol testimony must be applied to them. It is not made to appear that there was any concealment or surprise, or that appellants were misled. The trial court could have properly concluded that the condition from which appellants asked to be relieved resulted from their inattention. In *Williams* v. *Grooms,* 122 Ind. 391, where an application to be relieved from a judgment was denied, the court

said: "Where, upon a complaint or motion to set aside a default, affidavits and counter-affidavits are heard, the settled rule is that the decision of the court will not be interfered with in case it is supported by any evidence."

Judgment affirmed.