## MILBOURN ET AL. v. BAUGHER ET AL.

### [No. 6,239.   Filed January 7, 1909.]

1. NEW TRIAL.—*As of Right.*—*Partition.*—Where the title to real estate is in issue, in a partition suit, a new trial as of right is ordinarily demandable.   p. 36.

2. JUDGMENT.—*Answer.*—*Cross-Complaint.*—*Rights of Defendants as Among Themselves.*—Where a complaint in partition sets out the interest of the plaintiff, and of each of the defendants, and two of such defendants answer that they own all of such land, a decree that the plaintiff and such two defendants own the whole thereof is not an adjudication of the title as between such two defendants and the other defendant.   p. 39.

3. JUDGMENT.—*Upon Cross-Complaint.*—*Estoppel.*—Where a decree is made upon a cross-complaint, cross-complainants are estopped afterwards, upon the setting aside of such decree, to claim that such decree was upon a paragraph of answer.   p. 40.

4. JUDGMENT.—*Setting Aside.*—*Claiming Rights Under, Subsequently.*—*Estoppel.*—Where a decree on a cross-complaint is set aside, and the cross-defendant is permitted to set up his rights by answer and cross-complaint, it is too late for the cross-complainants to insist upon rights given by the decree, so set aside, on the ground that such decree should not have been set aside.   p. 40.

5. JUDGMENT.—*Setting Aside.*—*Evidence.*—*Bills of Exceptions.*—Where the bill of exceptions containing the evidence in a proceeding to set aside a judgment for excusable neglect does not show that it contains all of the evidence introduced, the Appellate Court cannot disturb the judgment on the ground that it is not supported by the evidence, or is contrary to law.   p. 40.

6. JUDGMENT.—*Setting Aside.*—*Excusable Neglect.*—*Sickness of Attorney.*—Where the defendant's attorney became sick and left his client's rights to be looked after by plaintiff's attorney, who had expressly recognized such rights in his complaint, and an associate attorney for plaintiff obtained a decree against defendant by default, and the defendant's codefendants also obtained a decree by default against such defendant on their cross-complaint, no summons having been issued on such cross-complaint, and no appearance entered thereto, a judgment setting aside such decrees is not improper, the motion being made at the same term.   p. 41.

From Noble Circuit Court; *Joseph W. Adair,* Judge.

Cross-complaint by Isaac Baugher against David Milbourn

and others. From a decree for cross-complainant, defendant Milbourn and another appeal. *Affirmed.*

*R. P. Barr* and *L. W. Welker,* for appellants.
*John W. Hanan* and *Luke H. Wrigley,* for appellees.

Myers, J.—Nancy Phillips, one of the appellees, brought suit for the partition of certain land in Noble county, alleging that she and David Milbourn and James Milbourn, who are the appellants, and appellee Isaac Baugher, were the owners thereof in fee simple as tenants in common, stating the undivided fractional share of each party, alleging the indivisibility of the land without injury, and asking the sale thereof. The record shows service of summons on appellee Baugher. On March 29, 1905, the appellants filed their answer in denial, and a second paragraph addressed to the complaint, to the effect that the appellants were the owners of the whole tract of land, and demanding judgment for costs. At the same time appellants filed their cross-complaint against their codefendant Baugher and the plaintiff, being a complaint in the ordinary form to quiet title in the appellants to the whole tract of land. On the same day an answer of the appellee Baugher in denial was filed, addressed to appellee Phillips's complaint alone, signed by the attorneys, who signed the answer and cross-complaint of the appellants. Appellee Nancy Phillips replied to the second paragraph of the answer of the appellants, and answered their cross-complaint. May 31, 1905, a trial was had and judgment was rendered against appellee Phillips on her complaint; and upon the cross-complaint of the appellants they were adjudged to be the owners in fee simple of all the land of which partition was sought. October 3, 1905, upon the motion of appellee Phillips, the judgment of May 31 was set aside and a new trial as of right was ordered, the cause being thereby treated as one in which the title to real estate was directly in issue. *Kreitline* v. *Franz* (1885), 106 Ind. 359.

The record shows that on October 20, 1905, John W. Hanan entered his appearance "in this cause" as attorney for appellee Baugher. January 3, 1906, appellee Phillips made proof of service of notice upon the appellants, December 12, 1905, and upon appellee Baugher, November 10, 1905, of the granting of a new trial. The record of the proceedings of January 3, 1906, also shows proof of service, March 9, 1905, upon appellee Baugher of the summons issued March 3, 1905, to answer the complaint of appellee Phillips. The record then proceeds: "And, there being no appearance by or on behalf of said defendant Isaac Baugher to said cross-complaint of said defendants David Milbourn and James Milbourn, in this cause, thereupon said defendant Isaac Baugher is three times duly called in open court, comes not, but herein wholly makes default. And by agreement of the parties hereto this cause, for the trial thereof upon the complaint of said plaintiff Nancy Phillips herein and the answers filed thereto and the issues joined thereon and upon said cross-complaint of said defendants David Milbourn and James Milbourn herein and the answers filed thereto and the issues joined thereon, is now submitted to the court without a jury." The court found for appellee Phillips upon her complaint and for the appellants upon their cross-complaint that they were the owners of the land in question in fee simple as tenants in common, and it was thereupon adjudged accordingly. The land was ordered sold by a commissioner designated, etc., and the cause was continued for the sale of the land.

At the same term, January 25, 1906, appellee Baugher filed his motion to set aside said judgment rendered against him, and the default entered against him upon the cross-complaint of the appellants, and to permit him to enter his appearance to the cross-complaint of the appellants, and to file his answer thereto and to file a cross-complaint. On March 19, 1906, appellee Baugher filed his own affidavit and the affidavit of John W. Hanan, in support of his said mo-

tion.  At the date last mentioned the court sustained the motion of appellee Baugher, and ordered that "said default and judgment heretofore entered and rendered against said defendant Isaac Baugher upon said cross-complaint of" the appellants "be and the same are hereby set aside and vacated." It was further ordered that appellee Baugher be permitted to enter his appearance to the cross-complaint of the appellants, and to file an answer thereto, and to file and prosecute a cross-complaint in his own behalf.  It was adjudged, also, that the order of sale of the real estate should remain in force, and that neither such order nor any proceedings had in pursuance thereof should be affected or invalidated.

Thereupon appellee Baugher, by his attorney, entered his appearance to the cross-complaint of the appellants, and filed his answer of general denial thereto, and also his cross-complaint against his codefendants and the plaintiff.  The appellants, by their attorneys, and appellee Phillips, by her attorney, each entered appearance to the cross-complaint of appellee Baugher.

On March 27, 1906, the commissioner made report of sale, which the court approved, and the commissioner was ordered to execute a deed to the purchaser, which was done and approved by the court, and, upon the order of the court, the deed was delivered to the purchaser.  May 29, 1906, appellants filed their answer in two paragraphs to the cross-complaint of Baugher, the second paragraph being a general denial, and the first set forth the proceedings in the cause down to and including January 3, 1906, by reason of which it was claimed the cause of action stated in the cross-complaint of appellee Baugher had been fully settled and adjudicated, and that such judgment was in full force and effect.  To this second paragraph Baugher filed his reply, a general denial, and a second paragraph, wherein he alleged that he never entered an appearance to the cross-complaint

of the appellants until after the judgment of January 3, 1906, had been set aside and annulled; that no summons, writ or process was ever issued on appellants' cross-complaint or served upon him, and no notice by publication or otherwise was ever given him of the filing or pendency of the same, and no appearance on his behalf was made to the appellants' cross-complaint, and no process, writ or summons was ever issued against him or given him or served upon him in the cause, except the summons issued on the complaint, etc. The reply then recites the facts and the proceedings relating to the setting aside of the judgment of January 3, 1906, as hereinbefore stated. Thereupon, on the motion of the appellants, their cross-complaint was dismissed, and they demurred to the second paragraph of reply of appellee Baugher, which demurrer was overruled.

The cause was tried by the court, and at the request of the appellants the court made special findings and stated conclusions of law, on which judgment was rendered. The land was apportioned among the parties as their shares were indicated in the complaint of Nancy Phillips, she and appellee Baugher being awarded equal portions and the remainder to the appellants equally.

There is no question but that the rights of the parties were correctly adjudged, or that they did not each receive by the judgment rendered, from which this appeal is taken, the share of land, or its proceeds, to which they severally were entitled legally.

The appellants in their answer to the cross-complaint of Baugher, and in their action in dismissing their cross-complaint, apparently intended, as their argument on appeal also indicates, to proceed upon the theory that the judgment of January 3, 1906, was sufficiently based upon their answer to the complaint, and was not based upon their cross-complaint. Their answer, however, raised no issue as to the rights of appellee Baugher in the real

estate as between him and the appellants. *Jones* v. *Vert* (1889), 121 Ind. 140, 16 Am. St. 379. The interest asserted by Baugher in his cross-complaint, against which the answer of the appellants was directed, was expressly adjudicated under the default taken upon the cross-complaint of the appellants, and, when the judgment on that cross-complaint was set aside, they could not success· fully claim, as against Baugher's cross-complaint, that his rights were settled and adjudicated without reference to their cross-complaint. The setting aside of the judgment being an accomplished fact, and appellee Baugher having been permitted to set up his rights, it was then too late to question his right to assert his interest by cross-complaint, upon the ground that the court's action in setting aside the judgment did not affect the rights of the parties, or upon the ground that the judgment ought not to have been set aside.

Whether the court erred in sustaining the application of Baugher to set aside his default upon the cross-complaint of the appellants, and to permit him to appear thereto and to plead, is another question, and is to be considered separately from the pleadings filed after the default had been set aside and said permission had been granted. The application was made at the term at which the interlocutory judgment of partition was rendered, and while the cause was *in fieri*.

In support of his motion, as we have seen, appellee Baugher filed his own affidavit and the affidavit of John W. Hanan. But the bill of exceptions containing the motion and the evidence submitted on the hearing thereof does not show that this was all the evidence given on such hearing, as is required in such cases. *Beatty* v. *O'Connor* (1886), 106 Ind. 81.

The judgment of January 3, 1906, did not in terms quiet the title of the appellants, but it was thereby adjudicated

that appellee Nancy Phillips was the owner in fee simple
of a certain undivided part of the land, as claimed by her
in her complaint, and that the appellants were the owners
in fee simple of all the remainder of the land, and the
court ordered the sale of all of the land by the commissioner,
and that the proceeds be distributed to the owners in the
proportion of their shares as so adjudged, and that all the
rights, titles, interests and claims of each and all the parties
hereto in and to the real estate so sold should be completely
and effectually barred and vested in the purchaser. The
judgment did not proceed expressly upon a default of
Baugher on the complaint, though it was made to appear
that the court had jurisdiction of his person by service of
summons on the complaint.

The only answer of Baugher to the complaint then ap-
pearing in the record was signed by the attorneys of ap-
pellants, whose interests were adverse to the interest of
Baugher. The judgment which disposed of his interest, as
well as that of the other parties, was entered upon a default
of Baugher on the cross-complaint of appellants and upon
the submission of the cause for trial on the complaint and
the answers thereto and the issues joined thereon and the
cross-complaint of the appellants and the answers thereto
and the issues joined thereon. No issue was tendered be-
tween the codefendants except that tendered by the appel-
lants' cross-complaint, and the court, professing to pro-
ceed thereon, disposed of the interest of Baugher.

After the granting of the new trial as of right, a formal
appearance of a certain attorney was entered of record for
Baugher in the cause. It does not appear that any
rule was taken against Baugher at any time to an-
swer, or that any answer was filed for him except by
attorneys for the appellants. Baugher was not present in
court in person or by attorney when the judgment was ren-
dered. The question, whether the court should be regarded
as having jurisdiction of Baugher upon the cross-complaint

without the issue or service of process thereon, need not be decided. Upon the application to set aside the default and judgment, it was made apparent to the court that by its judgment it had disposed of the real and substantial intertest of appellee Baugher without the consideration of that interest in the disposition of the cause, and therefore strong reason existed for setting aside the adjudication so far as he was concerned and of permitting him to present such interest for trial and determination. It was made to appear that Baugher had engaged an attorney to take care of his interest; that this attorney absented himself because of illness, leaving the interest of his client in the care of one of the attorneys for the plaintiff, who had recognized Baugher's interest expressly in the complaint, and that the judgment cutting out the interest of Baugher. was taken, in the absence of that attorney, by an associate attorney. What might properly be said of this showing, if the court below had refused to accept it as sufficient, and such action was before us for review, need not be decided. If the court was not required to sustain the application, yet the case was one in which there was a strong appeal for the exercise of judicial discretion for the relief of Baugher in the interest of justice, and whether there was a sufficient showing of mistake, inadvertence or excusable neglect was a question of fact, and the determination by the court in favor of the applicant should not be disturbed if there was evidence which can be said to support the conclusion. *Williams* v. *Grooms* (1890), 122 Ind. 391; *Casto* v. *Shew* (1904), 32 Ind. App. 338.

As was said in *Hoag* v. *Old People's Mut. Benefit Soc.* (1891), 1 Ind. App. 28: "The courts, even independently of statutes, possess and exercise a very large discretion in vacating judgments by default, for the purpose of permitting a defense to be made upon the merits, and in deciding upon the question of diligence the action of the court will be reviewed only in extreme cases, involving an abuse of the

discretion vested in the court." *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175.

It does not appear to us that the court below abused its discretion, while it does appear that this action secured to the parties their exact legal rights. Judgment affirmed.