## HOUSER ET AL. *v.* LAUGHLIN ET AL.

[No. 8,211.   Filed February 26, 1914.]

1. APPEAL.—*New Trial.—Motion.—Necessity.*—Although as a general rule error based on the ruling on a motion for a change of venue must be assigned in the motion for a new trial in order to be presented on appeal, it may be presented as an independent assignment of error where the judgment appealed from is entered by default, since in such case there is no trial in the sense of a trial that requires the instrumentality of a motion for new trial to obtain relief from the judgment.   p. 568.

2. VENUE.—*Motion for Change.—Denial.*—While as a general rule, in a civil action, a motion for a change of venue, seasonably made, should be granted, where the filing of such a motion is admitted to be for the purpose of obtaining a continuance, the court is justified in overruling such motion or in striking it from the files. pp. 569, 571.

3. APPEAL.—*Questions Reviewable.—Application for Continuance.* —One entitled to a continuance should apply to the court regularly to that end, and while the granting of such application may be in the discretionary power of the court, an abuse of such discretion is reviewable on appeal.   p. 570.

4. VENUE.—*Motion for Change.—Action on Motion.*—A court may properly suspend action on a motion for a change of venue from the county until the issues are made, hence requiring defendant to answer interrogatories pending the disposition of his motion for a change of venue was not error.   p. 571.

5. JUDGMENT.—*Default.—Pending Motion for Change of Venue.*— Where judgment was taken against defendant by default pending a ruling on his motion for a change of venue from the county, a ruling on such motion is unnecessary.   p. 571.

6. APPEAL.—*New Trial.—Necessity for Motion.*—Where defendant, against whom judgment has been rendered by default, does not contest the amount of the damages, but merely moves for relief from the judgment, it is sufficient to present the matter on appeal by assigning error in the ruling on such motion; a motion for a new trial being in such case not only unnecessary, but inappropriate.   p. 572.

7. JUDGMENT.—*Default.—Grounds.—Failure to Answer Interrogatories.*—Under §410 Burns 1908, §401 R. S. 1881, providing for judgment by default against a party failing to plead or make up issues within the time prescribed; §365 Burns 1908, §359 R. S. 1881, providing that interrogatories must be answered within the time limited; and §409 Burns 1908, §400 R. S. 1881, providing

that the court "shall compel the parties to file their respective pleadings and answers to interrogatories at such time as the court shall deem just, in no case allowing unreasonable delay", where a party fails to discharge a rule to file answers to interrogatories, the court may strike out his pleadings and enter judgment against him as by default.  p. 573.

8. JUDGMENT.—*Default.*—*Vacating.*—Not only do the courts possess power, independent of statute, to exercise a very large discretion in vacating judgments entered by default, but discretion is vested in them to grant such relief by virtue of §405 Burns 1908, §396 R. S. 1881, providing that the court may relieve any party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect.  p. 573.

9. *Judgment.*—*Default.*—*Vacating.*—To entitle a party to relief under §405 Burns 1908, §396 R. S. 1881, from a judgment taken by default, he must show that he exercised reasonable diligence to prevent the entering of the judgment; so that where it appears that defendant was ruled to file answers to interrogatories and a default was taken on his failure to do so, a showing in an application for relief, that the failure to comply with the rule was due to alleged insufficiency of the time given, while appropriate as cause for an extension of the time, was insufficient to entitle him to the relief sought, in the absence of facts showing either mistake, inadvertence, surprise, or excusable neglect, within the meaning of the statute.  pp. 574, 575.

10. DISCOVERY.—*Rule to Answer Interrogatories.*—*Insufficiency of Time.*—*Relief.*—Under §§405, 410 Burns 1908, §§396, 401 R. S. 1881, authority is expressly conferred on the courts to grant extensions of time in such matters as the discharge of a rule against a party to file answers to interrogatories.  p. 574.

11. ATTORNEY AND CLIENT.—*Negligence.*—The negligence of an attorney in failing to take proper steps to discharge a rule against his client to answer interrogatories is the negligence of the client.  p. 575.

12. APPEAL.—*Appeal Bond.*—*Failure to Fix Terms.*—Appellant cannot urge as error the trial court's failure to fix the amount of the appeal bond, or the time in which to file it, where he made no attempt to perfect a term time appeal and chose to perfect it as a vacation appeal.  p. 576.

From Superior Court of Marion County (81,889) ; *Joseph Collier,* Judge.

Action by George W. Laughlin and another, as partners, against Virgil E. Houser and others.  From a judgment for plaintiffs, the defendants appeal.  *Affirmed.*

*Newton J. McGuire,* for appellants.

*Thomas D. McGee, Edward D. Reardon* and *James H. Drew,* for appellees.

CALDWELL, J.—Appellees, as partners, brought this action in the Marion Superior Court of Marion County, Indiana, against appellant, Virgil E. Houser, to recover a balance alleged to be due on a building contract, and to enforce a mechanic's lien. Amanda Houser and the State Life Insurance Company, named as appellants, were made defendants, it being alleged that they claim some interest in the real estate against which it is sought to enforce said lien.

From the transcript, including a certain counter-affidavit hereinafter referred to, the following facts appear: The action was commenced October 10, 1910. There was some delay in making issues, for which delay appellant, Virgil E. Houser, was in part, at least, responsible. On March 14, 1911, the cause was assigned to be tried in May. Appellant Virgil E. Houser procured a postponement by representing to the court that the cause was triable by a jury and by demanding a jury. The court being informed of the nature of said action and that it was not triable by a jury, reassigned it for May 17, prior to which time appellant Virgil E. Houser's attorney asked a postponement as a personal favor, and agreed to be ready for trial at any time after May 17. Said cause was thereupon postponed, and reassigned for Monday, June 26, at 9:00 a. m. On Saturday, June 24, appellant Virgil E. Houser filed an affidavit and motion for a change of venue from the judge presiding in Room 1 of said court, being the room in which the cause was pending, which motion was sustained, and the cause regularly transferred to Room 2 for trial, and on said day reassigned to be tried June 26, as aforesaid, and the parties notified. At said time and place appellees appeared with their attorneys and witnesses ready for trial, but neither appellant Virgil E. Houser nor his attorney appeared. In obedience to a call, the latter came into court and announced

that his client was not ready for trial, and verbally asked a continuance, which being refused, said attorney stated that "since a continuance would not be granted him, he would file an affidavit for a change of venue from the county", and he thereupon took from his pocket an affidavit and motion for a change of venue from the county, theretofore signed and sworn to, and thereupon caused the same to be filed.

On June 27, appellees' attorney, by order of court, filed an information against said appellant Virgil E. Houser, charging him with contempt of court, by reason of his filing said affidavit and motion for a change of venue, under the attending circumstances. No ruling was made on said affidavit and motion for a change of venue from the county, and no further steps seem to have been taken in said contempt proceeding. On June 27, appellees filed interrogatories, twenty in number, to said appellant Virgil E. Houser, which he was ruled to answer by June 29 at 9:00 a. m. Said appellant Virgil E. Houser, having failed to answer the interrogatories within the time fixed, the court, on June 29, struck out his pleadings, had him called and defaulted, and also defaulted Amanda Houser, who had filed no pleadings, and proceeded to hear and determine said cause on the complaint and the answer filed by the insurance company. Judgment was entered against appellant Virgil E. Houser in the sum of $175.49, and foreclosing the lien against all the defendants. On June 30, appellant, Virgil E. Houser, filed a verified motion to vacate the judgment, and to set aside the default, which motion was supported also by an affidavit made by his attorney. A counter-affidavit, hereinbefore mentioned, was filed by appellees' attorney. The court overruled the motion, and appellant, Virgil E. Houser, reserved an exception. Said affidavit made and filed by appellant's attorney in support of said application to be relieved from default, recites in substance the following additional facts: That said attorney demanded a jury trial, because his client had requested him to procure such

trial, and that at the time, he did not have in mind that said cause was not triable by a jury; that said cause was continued the second time because appellant was sick and unable to attend court; that said attorney never agreed to try the cause at any particular time; that when the venue of the cause was changed from the judge on Saturday, June 24, affiant assumed that it would come up regularly for assignment in the next monthly calendar; that late on said Saturday afternoon, he was notified that said cause was assigned to be tried in Room 2 on Monday, June 26, at 9:00 a. m.; that affiant's client was out of the city on Sunday, and affiant did not get into communication with him until Monday morning at six o'clock; that it was impossible for affiant and his client to prepare for trial by 9:00 a. m.; that about 9:15 a. m. affiant went to said Room 2 in response to a call, and tried to convince the court that it was impossible for affiant and his client "to try this cause without some notice and time to get our witnesses in"; that affiant understood the court to direct the clerk to swear the witnesses, whereupon, he produced and filed the affidavit for a change of venue from the county, which affidavit had been prepared and sworn to earlier in the morning. The facts set out in said motion for relief will be considered in another connection.

No motion for a new trial was filed. Appellant, Virgil E. Houser, alone assigns error, consisting of thirteen specifications. The first five relate to the failure of the court to rule on and sustain said motion for a change of venue from the county, and to the court's permitting said subsequent steps to be taken in said action pending a disposal of said motion. Specifications six to ten, inclusive, assign that the court erred in not giving reasonable time to answer said interrogatories, and in striking out appellant Virgil E. Houser's pleadings, and entering judgment as by default, and not affording appellant an opportunity to be heard in said matters. Specifications 11 and 12 assign that the court

erred in overruling appellant's motion for relief from said judgment and the thirteenth assigns that the court erred in failing to fix the amount of the appeal bond and the time in which to file it.

We shall consider the first five assignments together. We first give attention to appellees' contention that questions relating to the disposition of a motion for a change

1.  of venue must be presented by first being included among the causes for a new trial, in a motion therefor, rather than by independent assignment of error. As a general rule, error based on sustaining or overruling a motion for a change of venue or on other rulings respecting such a motion must be assigned in the motion for a new trial as an irregularity in the proceedings of the court, by which the party is prevented from having a fair trial, and a failure so to assign it is a waiver of the error, if any there be. *Wilson* v. *Johnson* (1896), 145 Ind. 40, 42, 38 N. E. 38, 43 N. E. 930; *Cleveland, etc., R. Co.* v. *Smith* (1912), 177 Ind. 524, 531, 97 N. E. 164; *Southern R. Co.* v. *Sittason* (1906), 166 Ind. 257, 260, 76 N. E. 973; *Sidener* v. *Davis* (1882), 87 Ind. 342; *Berlin* v. *Oglesbee* (1879), 65 Ind. 308, 311; *Wiley* v. *Barclay* (1877), 58 Ind. 577; *Chicago, etc., R. Co.* v. *Curless* (1901), 27 Ind. App. 306, 60 N. E. 467. However, there are exceptions to such general rule. *Shoemaker* v. *Smith* (1881), 74 Ind. 71; *Mannix* v. *State, ex rel.* (1888), 115 Ind. 245, 252, 17 N. E. 565. Included among such exceptions are cases where judgment is entered by default, which cases are subject to another partial exception hereinafter discussed in another connection. It is held that in such a case, there is no trial within the scope of the meaning of such term, and that relief from such a judgment cannot be obtained through the instrumentality of an ordinary motion for a new trial. In such a case, error predicated on the disposition of the motion for a change of venue may be presented by independent assignment. We, therefore, hold that the assignment of errors properly presents the

question under consideration. *Rooker* v. *Bruce* (1908), 171 Ind. 86, 88, 85 N. E. 351; *Goodrich* v. *Strangland* (1900), 155 Ind. 279, 58 N. E. 148; *Erwin School Tp.* v. *Tapp* (1890), 121 Ind. 463, 23 N. E. 505; *Corwin* v. *Thomas* (1882), 83 Ind. 110; *Reed* v. *Spayde* (1877), 56 Ind. 394; *Brenner* v. *Heiler* (1910), 46 Ind. App. 335, 338, 91 N. E. 744; *Debbs* v. *Dalton* (1893), 7 Ind. App. 84, 89, 34 N. E. 236.

The record discloses that the affidavit and motion for a change of venue from the county were sufficient in form and substance, and there is nothing to show that the application was not seasonably made. Under such circumstances, it is the duty of the court, as a general rule, in a civil suit, to grant the change. *Louisville, etc., R. Co.* v. *Martin* (1897), 17 Ind. App. 79, 47 N. E. 394. However, as we have said, it is alleged in said counter-affidavit made and filed by the attorney for appellees, that appellant Virgil E. Houser's attorney, when unsuccessful in obtaining a continuance on verbal motion, made the statement that "since a continuance would not be granted him, he would file an affidavit for a change of venue from the county" and that he thereupon produced and filed said affidavit. This allegation is not in any manner controverted. In fact, appellant Virgil E. Houser, at least by strong implication, concedes that said application for a change of venue was made for the purpose of delaying the trial of the cause or preventing the trial thereof as assigned. Thus, in the affidavit made and filed by his attorney in support of the application to be relieved from the default, occurs this language: "Affiant immediately went over to Room 2, appeared before the court, and tried in every way possible to convince the court that it would be utterly impossible for affiant and his client to try this case without some notice and time to get our witnesses in. Affiant understood the court to say to the clerk to 'swear the witnesses', whereupon affiant produced an affidavit and motion for a change

of venue from the county, which had been prepared that morning in his office", etc. In appellant's brief is found the following statement: "On June 26th, 1911, defendant, Virgil E. Houser, being called on to try the case, without a chance to prepare, or subpoena witnesses, he filed his motion and affidavit for a change of venue from the county." And again "we were called over to Room 2 of the Marion. Superior Court to try the case immediately, no chance being given to subpoena witnesses or prepare for the case. Whereupon, appellant's attorney filed an affidavit for a change of venue from the county." It seems apparent that said quoted language properly interpreted, compels the conclusion that thereby appellant conceded in the court below and now concedes in this court that said application for a change of venue was made, not because the averments therein contained were true, or believed to be true, but in order that thereby appellant Virgil E. Houser might delay the trial of said cause. Not only does this seem manifest, but also appellant Virgil E. Houser seems to justify his course by appealing to the attending facts and circumstances. It is expressly held that where counsel in presenting a motion for a change of venue from the county, states in open court that the purpose of filing and presenting it is to procure time, the court is not only justified in overruling such motion, but also in striking it from the files. *Chisson* v. *Barbour* (1885), 100 Ind. 1. To the same effect are the following: *Davis* v. *Rivers* (1878), 49 Iowa 435; *Kilbourne* v. *Fairchild* (1834), 12 Wend. (N. Y.) *292; *Haywood* v. *Thayer* (1833), 10 Wend. (N. Y.) *571; *Smith* v. *Prior* (1833), 9 Wend. (N. Y.) *498; *Taylor* v. *Smith* (1890), 11 N. Y. Supp. 29; 40 Cyc. 125.

The foregoing decisions are supported by sound principles of public policy. If facts existed by virtue of which appellant Virgil E. Houser was entitled to a continuance, he should have applied to the court regularly to that end. Even though such application would

have constituted no more than an appeal to the discretionary power of the court, an abuse of such discretion is reviewable by this court. We do not hold that where an affidavit for a change of venue from the county is filed in a civil suit, the court has a right to prosecute an investigation respecting the truth of the matter therein contained, or to inquire into the motives that prompt the applicant. We do hold, however, that where the party filing such an application, either in person or by attorney, admits in the trial court that it is filed for purposes of delay, the court is justified in ignoring it, striking it from the files, or overruling it, and where it is conceded in this court that such purposes prompted the filing of such an affidavit, the court's disposal of it in either of the methods mentioned will not be reviewed by this court. Even if the court's action respecting said motion for a change of venue is construed as a denial thereof, the court did not err under the special circumstances of this case. However, the court did not overrule the motion. As far as the record discloses, no ruling was made respecting it. After the filing of said motion, the court permitted the interrogatories to be filed, and entered said order requiring them to be answered. These interrogatories were directed to questions of fact involved in the action. It is held that a court may properly suspend action on a motion for a change of venue from the county until the issues are made. Among the reasons are "that the parties might be apprised of the issues to be tried in the case, and not be compelled to act in the dark in preparing evidence for the trial, and thus, perhaps, burden themselves with unnecessary witnesses, to be taken to another county." *Matlock* v. *Fry* (1860), 15 Ind. 483. See, also, *Galey* v. *Mason* (1910), 174 Ind. 158, 91 N. E. 561, Ann. Cas. 1912 C 1290; *Risher* v. *Morgan* (1877), 56 Ind. 172; *Dawson* v. *Vaughan* (1873), 42 Ind. 395. It would seem that where, as here, the grounds assigned in such a motion are local prejudice,

etc., not in any manner involving the judge, the reason back of such rule would extend it to a situation such as is presented here. Suspending action on the motion was not in fact overruling it, and appellant Virgil E. Houser's subsequent default rendered a ruling unnecessary. Cases cited by appellants to the effect that on the timely filing of an affidavit for a change of venue, proper in form and substance, it is the duty of the court to grant it without proceeding further with the case, involve motions for a change of venue from the judge rather than from the county. In any view of this case, the court committed no error in the matter of the application for a change of venue.

Assignments six to twelve inclusive, present in effect the question of whether the court erred in overruling appellant Virgil E. Houser's motion for relief from said judgment. Appellees contend that the correctness of the ruling cannot be challenged by independent assignment, but that such ruling should have been assigned in a motion for a new trial, and error predicated on the overruling of such motion. It is only in exceptional cases that a motion for a new trial is proper, where judgment is entered on default. If the defendant appears after default and exercises his right to contest the amount of damages, he may move for a new trial, presenting in his motion any question that arose in such contest affecting the assessment of damages. *Erwin School Tp.* v. *Tapp, supra; Briggs* v. *Snegham* (1873), 45 Ind. 14; 1 Works' Practice §458. But where, as here, a defendant does not appear after default and contest the amount of damages, as has been said, there is in fact no trial. In such a case, it is uniformly held that relief cannot be obtained by a motion for a new trial, as a new trial would scarcely be appropriate where there has in fact been no trial. In this case, appellant moved for relief from said default and judgment, and has assigned error on the overruling of such motion, and in so doing has followed the proper course. *Rooker* v.

*Bruce, supra; Corwin* v. *Thomas, supra; Reed* v. *Spayde, supra; Fiske* v. *Baker* (1874), 47 Ind. 534, 538; *Erwin School Tp.* v. *Tapp, supra; Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 57 N. E. 148.

We proceeded to consider said assignments. It is provided by statute that "If, from any cause, either party shall fail to plead or make up issues within the time prescribed, the court shall forthwith enter judgment as upon default, unless, for good cause shown, further time be given for pleading." §410 Burns 1908, §401 R. S. 1881. The statute providing for the propounding of interrogatories to parties, contains the following provision: "All interrogatories must be answered within the time limited, positively and without evasion, and the court may enforce the answer by attachment or otherwise." §365 Burns 1908, §359 R. S. 1881. The statute on the subject of the time and order of settling issues, contains a provision that the court "shall compel the parties to file their respective pleadings and answers to interrogatories at such time as the court shall deem just, in no case allowing unreasonable delay." §409 Burns 1908, §400 R. S. 1881. Under said statutes, where the party fails to comply with the court's order directing him to file answers to interrogatories, the court has authority to strike out his pleadings, and enter judgment against him as by default. *Fitch* v. *Citizens Nat. Bank* (1884), 97 Ind. 211; *Reed* v. *Spayde, supra; Norris* v. *Dodge's Admr.* (1864), 23 Ind. 190; 1 Works' Practice §§451, 448; Elliott, App. Proc. §335.

Independent of statute, courts possess power to exercise a very large discretion in vacating judgments entered by default. *Milbourn* v. *Baugher* (1909), 43 Ind. App. 35, 86 N. E. 874; *Hoag* v. *Old Peoples, etc., Society* (1891), 1 Ind. App. 28, 27 N. E. 438. In this State, however, there is a special statutory provision that affords such a remedy to the effect that "the court may also, in its discretion, allow a party to file his pleadings after

the time limited therefor; and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years.'' §405 Burns 1908, §396 R. S. 1881.

Appellant Virgil E. Houser seeks relief under the foregoing statute. The motion for relief, after setting out facts which if proven would have been sufficient to constitute a defense to the action, assigns substantially the following reasons why the relief should be granted: (1) That the court exceeded its authority in taking steps in said proceeding after the filing of said motion for a change of venue. (2) That the court did not give reasonable time within which to answer the interrogatories, to the effect that notice to appellant's attorney that said order had been entered was delayed, and that said attorney met with difficulty in endeavoring to communicate with appellant, and that a diligent effort had been made to comply with said order. That said attorney was in court at five minutes after nine, June 29, and was first able to get the attention of the court at 9:15, and was then informed that appellant's pleadings had been stricken out and judgment entered. (3) That the court was too severe in the exercise of its discretionary power in striking out said pleadings, etc., and in ''refusing to allow defendant to file said answers to interrogatories fifteen minutes after 9:00 a. m.'' While complaint is made of a refusal to permit said answers to be filed, there is no averment and the record does not otherwise show that there was any offer to file them or that they had in fact been prepared. However, it will be observed that the reasons assigned for relief from said judgment might have been more appropriately urged in an application for an extension of the time given to file said answers or as to some of said reasons, in a motion to vacate said order, if appellant believed that the court did not have authority to enter it. The former remedy is ex-

pressly recognized, in proper cases, by said quoted statutes. §§405, 410 Burns 1908, §§396, 401 R. S. 1881, expressly confer authority on the court to grant an extension of time in matters such as we are considering here.

9. Appellant Virgil E. Houser had notice of said order at 4:00 p. m. and his attorney at 9:00 a. m. on the day before the judgment was entered. Both knew that the order was to the effect that said answers must be filed by 9:00 a. m. the next day. The excuse for not complying with said order is that the, time granted was not sufficient. If this be true, it did not justify an ignoring of the order, but rather required the exercise of diligence on the part of the appellant Virgil E. Houser in procuring an extension of time before it had expired. The question of the sufficiency of the time was for the court to determine, rather than for appellant. The facts set out do not show either mistake, inadvertence, surprise or excusable neglect, within the meaning of the statute. To entitle an applicant to the relief sought here, he must show that he exercised reasonable diligence to prevent the entering of the judgment. *Mutual, etc., Life Ins. Co.* v. *Ross* (1908), 42 Ind. App. 621, 627, 86 N. E. 506; *Carr* v. *First Nat. Bank* (1905), 35 Ind. App. 216, 73 N. E. 947, 111 Am. St. 159; *Majors* v. *Craig* (1896), 144 Ind. 39, 42, 43, N. E. 3. The negligence of the attorney is the negligence of the client. *Carr* v. *First*

11. *Nat. Bank, supra; Heaton* v. *Peterson* (1892), 6 Ind. App. 1, 31 N. E. 1133; *Moore* v. *Horner* (1896), 146 Ind. 287, 45 N. E. 341; *Kreite* v. *Kreite* (1884), 93 Ind. 583; *Brumbaugh* v. *Stockman* (1882), 83 Ind. 583. The court in disposing of the motion found that appellant Virgil E. Houser's attorney had notice of the order, and that no application was made for an extension of time; that said order was made with a view to expediting the business of the court and to avoid interference with other causes then in hearing, and that appellant needlessly failed and neglected to comply with said order, and that there was no reasonable

excuse for such failure. We hold that the court acted within its authority in overruling said motion. While it is true that where such applications are made to the court, each case must of necessity be determined from a consideration of the particular facts involved, nevertheless, the following have some bearing on this question: *Fitch* v. *Citizens Nat. Bank, supra; Williams* v. *Grooms* (1890), 122 Ind. 391, 24 N. E. 158; *Jonsson* v. *Lindstrom* (1888), 114 Ind. 152, 16 N. E. 400; *Freeman* v. *Paul* (1886), 105 Ind. 451, 5 N. E. 754; *Lake* v. *Jones* (1874), 49 Ind. 297; *Cooper* v. *Johnson* (1866), 26 Ind. 247; *Williams* v. *Kessler* (1882), 82 Ind. 183.

As to the thirteenth assignment, the record does not show that appellant Virgil E. Houser requested the court to fix the amount of the appeal bond or the time in which to file it. Such action on the part of the court was necessary only in case appellant elected to perfect his appeal as a term time appeal. It was within the province of appellant to determine as between such an appeal and a vacation appeal. Appellant has perfected his appeal as a vacation appeal, and he cannot be heard to complain of the nonaction of the court in a matter wherein he should have been the moving party.

There being no error in the record, the judgment is affirmed.

NOTE.—Reported in 104 N. E. 309. As to change of venue, see 74 Am. Dec. 241. See, also, under (1) 29 Cyc. 752; (3) 3 Cyc. 334; (4) 40 Cyc. 164; (6) 2 Cyc. 999, 1000; (7) 14 Cyc. 360; (8) 23 Cyc. 890, 895; (9) 23 Cyc. 930, 937; (10) 14 Cyc. 356; (11) 23 Cyc. 939; (12) 3 Cyc. 252.